**COYNE & DELANY CO. et al. v. G. W. ONTHANK CO. et al.**

**Civ. No. 1–18.**

United States District Court
S. D. Iowa, Central Division.

May 9, 1950.

Fred A. Ontjes, Mason City, Iowa, and B. J. Powers, Des Moines, Iowa, for plaintiffs.

Maxwell A. O'Brien (of Parrish, Guthrie, Colflesh & O'Brien), Des Moines, Iowa, for defendants

SWITZER, District Judge.

A motion to extend the stay order filed herein by the defendants and each of them having come on to be heard and the issues having been duly presented to the court by Fred A. Ontjes and B. J. Powers for the

plaintiffs and by Maxwell A. O'Brien of the firm Parrish, Guthrie, Colflesh & O'Brien, attorneys for the defendants, and the court being advised in the premises, finds:

That this is a suit to enjoin the defendants from the manufacture, sale and distribution of certain commodities which plaintiffs claim have been so manufactured, sold and distributed in direct violation of the rights of the plaintiffs in and to certain basic patents employed in such commodities so manufactured, sold and distributed by the defendants.

Plaintiffs further ask for an accounting and reimbursement from the defendants.

That more than two years prior to the institution of this suit, these plaintiffs brought an action in the Eastern District of New York against Abraham & Straus, Inc., which said suit likewise sought an injunction together with a claim for damages and profits arising from the alleged infringement of letters patent. The instant case appears to involve and have additional patents and renewals thereof than are covered in the subject matter of the New York case, but in substance they are the same.

Plaintiffs here were parties, together with one Ormonde J. Burke, in interference proceedings in the United States Patent Office, No. 81897, and, because of the pendency of these proceedings, the parties in the New York case stipulate, with the approval of the New York court, to refrain from pressing that cause for trial until final determination and adjudication of the said interference matter. A decision was handed down in the interference matter on January 20, 1950, whereby the only two claims adjudicated (the remainder having been dismissed), were resolved in favor of Burke and against Langdon. A petition for rehearing of this decision was denied and the right of appeal will expire 30 days after April 7, 1950, or about May 6, 1950.

The defendants here moved this court on November 5, 1949, to stay the action on the ground that a decision in the action pending in the New York court would determine or materially affect the outcome of the instant case as would also the determination of the United States Patent Office in the interference proceedings which, at that time, were still pending therein. Said defendants further contended that to prepare for the defense of this cause would make a great deal of hardship and expense in the employment of expert counsel from Washington and New York, extended investigation of the numerous patents involved and alleged infringements thereof.

Defendants further voluntarily agreed to the entry by the court, as a condition of the granting of the stay at that time, of a temporary restraining order and an injunction restraining and enjoining the defendants and each of them from the manufacture, sale or distribution of any of the commodities, the manufacture of which would be permitted under and by virtue of the patents which are the subject matter of this suit. Pursuant to this application, the court entered an order on November 14, 1949, granting the stay requested until the April 1950 term of this court, at which time, unless good cause to the contrary should be shown, the matter was to come on for trial. In that order the court also granted the restraining order and injunction as heretofore referred to.

Under these facts the defendants filed on April 14, 1950, their motion to extend the stay order, wherein they incorporate the allegations of their original motion to stay and additionally state the facts with reference to the decision in the United States Patent Office above referred to. Plaintiffs earnestly resist any further stay in this cause claiming that they will be irreparably damaged as a result thereof.

This court has inherent power to control its dockets and determine the time and times when causes pending before it will come on for trial in the orderly disposition of the causes. Although admittedly all of the issues pleaded in the instant case are not contemplated or within the scope of the New York case, many are and it seems clear that a decision in the New York case and a conclusion with reference to the decision in the Patent Office will necessarily narrow the issues in this case and aid materially in its dis-

position, thereby reducing the cost of its disposition to the litigants themselves and to the Government. I believe this court is bound by the holding of the Supreme Court of the United States in the cases of Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153; American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 611, 111 A.L.R. 1268; Dederick v. North American Co., D.C., 48 F.Supp. 410, 412. See also United States v. Railway Express Agency, D. C., 89 F.Supp. 981.

In Landis v. North American Company, supra, the court had before it on writ of certiorari to the United States Court of Appeals for the District of Columbia, certain decrees reversing orders of the Supreme Court of the District of Columbia, staying proceedings in a pending suit to enjoin the enforcement of the Public Utility Holding Company Act, 15 U.S.C.A. § 79 et seq., as unconstitutional until the ultimate disposal of a suit pending in the United States District Court for the Southern District of New York, which was to compel certain holding companies to register with the Securities and Exchange Commission. The Supreme Court of the United States reversed the Court of Appeals holding that it was proper for the District Court to grant a stay in accordance with the principles announced in the opinion.

In the cited case the petitioners for the stay had not yet submitted their answers to the complaints, but their motion disclosed the pendency of the other suits. In the answer to this motion for a stay the power of the court to grant the stay was contested by asserting that the questions to be passed upon in the cases were not identical, that the parties were not identical and that a decision determining the constitutionality of the public utility and holding company act might not apply to all of the defendants, in that even if the act was valid as applied to some companies, it might be invalid as to others and claiming that they would suffer loss day by day while the menace of the act disrupted their business and cast a cloud on its legality and therefore they were en-

titled to have the action tried and the motion to stay overruled.

299 U.S. at page 254, 57 S.Ct. at page 166, 81 L.Ed. 153, the Supreme Court said: "Viewing the problem as one of power, and of power only, we find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical. Indeed, counsel for the respondents, if we understand his argument aright, is at one with us in that regard, whatever may have been his attitude at the hearing in the courts below. Apart, however, from any concession, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. (Citing cases.) True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. Considerations such as these, however, are counsels of moderation rather than limitations upon power. There are indeed opinions, though none of them in this court, that give color to a stricter rule. Impressed with the likelihood or danger of abuse, some courts have stated broadly that, irrespective of particular conditions, there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger. * * * All the cases advancing it could have been adequately disposed of on the ground that discretion was abused by a stay of indefinite duration in the absence of a pressing need. If they stand for more than this, we are unwilling to accept them. Occasions may

arise when it would be 'a scandal to the administration of justice' * * * if power to coordinate the business of the court efficiently and sensibly were lacking altogether."

Under this holding it is clearly within the power of this court to stay these proceedings pending a decision in the New York case and the conclusion of the appeal, if any, from the Patent Office ruling. And this is true, even though, admittedly, the parties in the New York case are different, except for the plaintiff, from the parties in this case, and the subject matter of the New York case does not cover all of the issues in this one. On this point as Judge Cardozo says in the Landis case, supra, 299 U.S. at page 256, 57 S.Ct. at page 166, 81 L.Ed. 153: "True, a decision in the cause then pending in New York may not settle every question of fact and law in suits by other companies, but in all likelihood it will settle many and simplify them all."

I believe the defendants have sustained their burden of showing hardship. When that showing is weighed in the light of plaintiffs' position here it should be remembered that this court has issued a restraining order herein above referred to. The only possible hardship which the plaintiffs can suffer will be the delay in the enjoyment of the fruits of the litigation which, in my opinion, will doubtless not prove harmful to these plaintiffs at all but rather helpful in that issues both as to law and fact will perhaps· be more confined and narrowed by a decision in the New York case, thus reducing the time and effort required at the trial here.

Plaintiffs urge that this court has no power to stay these proceedings under what they state is the recognized rule laid down in Triangle Conduit and Cable Co., Inc., v. National Electrical Products Corp., 3 Cir., 138 F.2d 46. This case and others cited by the plaintiffs seem to the court clearly distinguishable from the instant situation. It is true that the rule laid down in the Triangle Case and the others cited by the plaintiffs do hold that in cases where· injunctive relief is sought to prohibit the trial of a cause in another forum before the court may issue such an injunction, it must be shown that the parties and the subject matter of each case are identical. It should be noted that no injunction is sought here whereby this court's power to prohibit the prosecution of a cause in another court or forum is questioned, and for that reason this line of authority is not applicable to the instant situation. See the note in 81 L.Ed. at p. 161, following the Landis case which covers the subject quite thoroughly.

The note and the authorities cited, including decisions of the Supreme Court of the United States, point out the distinction between a request for an injunction from one court to restrain another and a stay order. Part of the note referred to reads as follows: "The court in Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, 442, pointed out the distinction between the equitable jurisdiction exercised in granting or refusing an injunction against· the prosecution of an action, and a mere stay of proceedings which a court of law, as well as a court of equity, may grant in a cause pending before it by virtue of its inherent power to control the progress of the cause so as to maintain.the orderly processes of justice."

The one question remaining is whether a sufficient showing has been made by the movant (defendants here) as to whether the New York case will be prosecuted to a conclusion speedily and without undue delay. It is not within the power of this court to stay these proceedings indefinitely, nor does the court propose to do so. It is. assumed that the New York case will come on for trial speedily following the date upon which the right of appeal expires, from the ruling of the Patent Office, May 6, 1950.

The New York case doubtless will therefore be concluded on or before Oct. 1, 1950, at which time the defendants here and each of them will be required to file their several answers or other responsive pleading to the complaint, so that this cause may be at issue in time for the November 1950 term of this court.

The Clerk will enter the following order:

The above entitled matter came on for hearing in open court at Des Moines, Iowa, on the motion of the defendants to extend a Stay Order previously entered herein. Arguments were had and the court being advised:

It is Hereby Ordered that the Stay Order previously entered by this court on November 14, 1949, be, and the same is hereby, extended until October 1, 1950, on or before which time defendants shall be and are hereby required to plead. Both parties except.