43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Vernon SECORD, Defendant-Appellant,
and
Albert HAKIM, Defendant.
 No. 94-1170.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 12, 1994.
Decided: December 21, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-93-1202)
 Thomas Roy Spencer, Jr., Spencer & Klein, P.A., Miami, Florida, for Appellant.
 Dara Anne Corrigan, Civil Division, United States Department of Justice, Washington, D.C., for Appellee.
 Jerry M. Phillips, Phillips, Beckwith & Hall, Fairfax, Virginia, for Appellant.
 Frank W. Hunger, Assistant Attorney General, Helen Fahey, United States Attorney, Michael F. Hertz, Douglas Letter, Joan E. Hartman, Civil Division, United States Department of Justice, Washington, D.C., for Appellee.
 E.D.Va.
 DISMISSED.
 Before MURNAGHAN, Circuit Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Secord challenges the district court's order denying his motion to lift its temporary stay of proceedings pending resolution of jurisdictional issues in parallel proceedings in a Swiss court. Because the district court's stay is temporary and there is no final appealable order in this action, this court cannot assume jurisdiction over this appeal. 28 U.S.C. Sec. 1291.
 
 
 2
 * This litigation concerns the United States' claim to funds in Swiss bank accounts totalling about $11 million, which Secord and Albert Hakim controlled as a result of their participation in the Iran-Contra affair. Swiss authorities imposed a freeze upon these accounts in December 1986 in response to a request from the Office of Independent Counsel and the Department of Justice. The Swiss government exercised this power in accordance with a Mutual Assistance Treaty it had entered into with the United States. 27 U.S.T.2019. The United States sought return of the funds under the applicable treaty provisions.
 
 
 3
 In the meantime, the United States and Hakim agreed to resolve their claims with respect to the funds. Hakim undertook to assist the United States in recovering all but $1.7 million of the money. Also, several of Hakim's creditors had obtained attachments over the frozen funds. As a result, some of the money had been transferred to an administrative office in Geneva.
 
 
 4
 After Swiss authorities declined to return the frozen assets, the United States appealed the decision to the highest Swiss court but was unsuccessful. The United States then filed a civil suit for the funds in Swiss court and obtained injunctive relief, similar to a temporary restraining order, preventing withdrawal from the frozen accounts. After Secord and Hakim were permitted to intervene in the Swiss action, the Swiss court granted a preliminary injunction to the United States. A Swiss appellate court upheld this preliminary injunction.
 
 
 5
 The United States filed this parallel action in the District Court for the Eastern District of Virginia in order to ensure that the freeze upon the assets in Switzerland would not be lifted in the event that Secord and Hakim successfully challenged the Swiss court's jurisdiction. The United States claimed in both the Swiss and American actions that Secord had breached his fiduciary duty to the United States by wrongfully profiting from the government's covert operations.
 
 
 6
 After Secord filed his answer, affirmative defenses and counterclaim, the United States moved for a temporary stay of the district court proceedings pending resolution of jurisdictional issues in the Swiss court. The district court granted the stay to avoid duplicative litigation and later denied Secord's motion to lift the stay.
 
 
 7
 On June 9, 1994, the Swiss court confirmed its jurisdiction over the persons of both Secord and Hakim. In addition, the Swiss court announced that it would not suspend its proceedings but would move toward a resolution of the action.
 
 II
 
 8
 Secord contends that the district court erred in imposing the temporary stay and in denying the motion to lift it. This court may assume jurisdiction of an appeal upon the entry of "final decisions" of a district court. 28 U.S.C. Sec. 1291. A stay of proceedings is not usually reviewable because it is not a final order. International Nickel Co. v. Barry, 204 F.2d 583, 585 (4th Cir.1953). The stay that the district court imposed is not a final order. Moreover, when the district court considered the government's motion for a stay, the government represented that the Swiss court's determination of jurisdiction would have no res judicata effect upon the action in the United States and, in particular, would not result in adjudication of Secord's counterclaim. See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 (1983). If this situation has been changed by proceedings in the Swiss court, application for a modification of the stay should be made in the first instance to the district court.
 
 DISMISSED