## ETTELSON ET AL. *v.* METROPOLITAN LIFE INSURANCE CO.

No. 70. Argued November 12, 13, 1942.—Decided December 7, 1942.

*Mr. Conover English* for the Metropolitan Life Insurance Co.

*Mr. Arthur T. Vanderbilt* argued the cause, and *Mr. Jack Rinzler* entered an appearance, for Adrian Ettelson et al.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The Circuit Court of Appeals has certified the following question:

"In a civil action in a district court upon a claim of a character formerly cognizable at law in which the defendant has filed a counterclaim of a character formerly cognizable in equity (or in an action at law under the provisions of Section 274b [1] of the Judicial Code), is an order that the issue raised by the counterclaim shall be heard and disposed of by the court prior to the issue raised by the complaint an order granting an injunction within the meaning of Section 129 [2] of the Judicial Code and therefore appealable under that section?"

From the certificate it appears that the question arises upon these facts: The plaintiffs filed, in a New Jersey state court, a complaint in five counts to recover amounts alleged to be due plaintiffs by the defendant on life insur-

---

[1] 28 U. S. C. § 398.

[2] 28 U. S. C. § 227.

ance policies issued by it upon the life of Richard Ettelson, deceased. The cause was removed to the United States District Court for New Jersey. Plaintiffs demanded a jury trial. The defendant filed an answer in the District Court setting up that the policies were obtained by the fraud of the insured and are void because of material false statements made by the insured in the application for the policies. The answer did not allege that the false statements were knowingly and intentionally made.

With the answer, the defendant filed a counterclaim alleging that the policies were obtained by the fraud of the insured and are void because of the material false statements made by him in the application; and prayed that the policies be decreed void upon the return by the defendant of the premiums paid thereon, and that the plaintiffs be enjoined from further prosecuting the action at law. The plaintiffs moved for dismissal of the counterclaim on the ground that the defendant has an adequate remedy at law on the law side of the court in the pending action in which issue has been joined; and further that the counterclaim fails to state a claim upon which equitable relief can or should be granted by the court.

The District Court denied the motion to dismiss and ordered that the counterclaim should be heard and disposed of by the court sitting in equity prior to trial of the issue made by the complaint and answer in the action at law. 42 F. Supp. 488. The plaintiffs thereupon appealed to the Circuit Court of Appeals; and the defendant moved that court to dismiss the appeal, in the view that the District Court's order is not appealable.

The parties agree that, if the question had arisen prior to the adoption of the Rules of Civil Procedure,[3] our decision in *Enelow* v. *New York Life Ins. Co.*, 293 U. S. 379, would require an affirmative answer to the question.

---

[3] 308 U. S. 653; 28 U. S. C. 723c.

The defendant asserts, and the plaintiffs deny, that the Rules require a negative answer. The defendant points to Rule 1, which states that the object of the rules is "to secure the just, speedy, and inexpensive determination of every action"; and more particularly to Rule 2, which declares that "there shall be one form of action to be known as 'civil action.'"

The defendant's contention, in brief, is that whereas, when the *Enelow* case was decided, the distinction between actions at law and suits in equity in federal courts still persisted, this distinction has now been abolished; that equitable defenses, whether a bar to plaintiffs' recovery at law or the basis of affirmative relief against the plaintiffs, are part and parcel of the single action initiated by the plaintiffs and that any direction by the court respecting the order in which the claim and the counterclaim are to be heard is interlocutory, amounting, at most, to a stay of the trial of one branch of the litigation, and in no sense an injunction against the plaintiffs. We cannot agree.

At the argument of the cause much time was devoted to the applicable law of New Jersey, where the action originated. It was urged that, under that law, upon allegation and proof of innocent misrepresentations inducing the issue of a policy, an insurer is entitled to a decree cancelling the policy and restraining any action at law upon it. It was urged that this feature of the local law must be considered in determining the appealability of the District Court's order. But, whatever effect should be given the New Jersey law in determining the correctness of the District Judge's action, the local law has no bearing upon the decision of the narrow question certified.

As in the *Enelow* case, so here, the result of the District Judge's order is the postponement of trial of the jury action based upon the policies; and it may, in practical

effect, terminate that action. It is as effective in these respects as an injunction issued by a chancellor. If the order be found to be erroneous, it will have to be set aside and the plaintiffs permitted to pursue their action to judgment. The plaintiffs are, therefore, in the present instance, in no different position than if a state equity court had restrained them from proceeding in the law action. Nor are they differently circumstanced than was the plaintiff in the *Enelow* case. The relief afforded by § 129 is not restricted by the terminology used. The statute looks to the substantial effect of the order made. *Enelow* v. *New York Life Ins. Co., supra,* p. 383. Compare *General Electric Co.* v. *Marvel Rare Metals Co.,* 287 U. S. 430, 432; *Shanferoke Coal & Supply Corp.* v. *Westchester Service Corp.,* 293 U. S. 449, 451; *Griesa* v. *Mutual Life Ins. Co.,* 165 F. 48, 49.

Question answered "Yes."