## McDERMOTT et al. v. TRAVELERS INS. CO. (ELDEN, Third-Party Defendant).

### Civil Action No. 3204.

District Court, W. D. Pennsylvania.

March 13, 1945.

Ella Graubart, Chas. F. C. Arensberg, and Patterson, Crawford, Arensberg & Dunn, all of Pittsburgh, Pa., for plaintiffs.

John R. Bredin and Dalzell, McFall, Pringle & Bredin, all of Pittsburgh, Pa., for defendant Travelers Ins. Co.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant Laura W. Elden.

SCHOONMAKER, District Judge.

This is an action by plaintiffs to recover from The Travelers Insurance Company the amount of two life insurance policies, each in the sum of $5000, issued by that Company on the life of Elmer Albert Stephan.

Defendant has filed a counterclaim for interpleader alleging that Laura W. Elden was the designated beneficiary for insurance prior to April 10, 1944, and that she is also claiming such insurance under said two policies, averring that the change of beneficiaries on April 10, 1944, to the plaintiffs is null and void, because Stephan was not mentally competent to make such change, by reason of extreme bodily illness and the effects of opiates. Thereupon, the said Laura W. Elden was made a party-defendant to respond to the complaint and counterclaim.

The said Laura W. Elden then filed an answer and counterclaim, averring that she is the named beneficiary of these two policies; that, if a purported change of beneficiaries was made by Stephan on or about April 10, 1944, such change was made by reason of fraud practised by plaintiffs on Stephan; that at the time of the purported change of beneficiaries, Stephan was mentally incompetent to change beneficiaries, by reason of extreme bodily illness and opiates and drugs which had been administered to him; and that, therefore, such purported change of beneficiaries was

null and void. Thereupon, said Laura W. Elden demanded a trial by jury, which is being opposed by plaintiffs.

In this case the said Laura W. Elden is demanding affirmative equitable relief; i.e., the setting aside of the contract under which the plaintiffs claim, and also the setting aside of the revocation of the contract under which Elden claims.

A purely equitable issue is therefore presented to the court as to which she is not entitled to a jury trial. This case is not like Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Ettelson v. Metropolitan Life Insurance Company, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176, where the insurance companies themselves interposed the defense of fraud in the procurement of the policies, and where the court held that the defense was available to the insurance companies in an action-at-law on the policies.

Elden's demand for a jury trial will be denied. An order may be submitted accordingly on notice to opposing counsel.