**ABBE v. NEW YORK, N. H. & H. R. CO.**

No. 44, Docket 21066.

United States Court of Appeals
Second Circuit.

Nov. 30, 1948.

Irving Payson Zinbarg, of New York City (Jacob Zane Hoffman, of New York City, of counsel), for plaintiff-appellant.

Edward R. Brumley, of New York City (Robert M. Peet, of New York City, of counsel), for defendant-appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

PER CURIAM.

A passenger on the New York, New Haven and Hartford Railroad was hurt when attempting to alight from one of its trains and sued the railroad in a New York state court to recover damages for injuries then sustained. On motion by the defendant the cause was, on May 12, 1948, removed to the District Court for the Southern District of New York.

On May 15, 1948, the defendant filed its answer in the district court. Opposing affidavits in the record are to the effect, on the one hand, that notice of its filing and a copy of the answer were mailed to plaintiff's attorney in the same envelope with a notice for the taking of the plaintiff's deposition, the last mentioned notice the plaintiff's attorney admittedly having received on May 17, 1948; and, on the other hand, that the defendant's answer and the notice of its filing were not so enclosed and were not received by the plaintiff's attorney who did not learn that an answer had been filed until June 6, 1948. On that date plaintiff's attorney, who had not demanded a jury trial within the time allowed by Rule 38, F.R.C.P., 28 U.S.C.A., received notice that the cause had been placed on the non-jury calendar for trial. On the same day he moved to transfer the action to the jury calendar of the court. The judge filed no findings as to the disputed facts but denied the motion. This appeal is from that order.

The first question is whether the order is appealable. Unless it falls within

388

some exception to the general rule that interlocutory orders are by virtue of 28 U.S.C. § 225 [now §§ 1291, 1292] to be held in abeyance until after final judgment the appeal is premature and must be dismissed. There was here no separation of issues and the assignment of some for trial on the equity side of the court where no jury was demandable of right as was done in Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and in Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed., 176, which shows that the procedural merger of legal and equitable causes of action under the Federal Rules of Civil Procedure did not blot out the substantive differences between them and left the basis of the Enelow decision untouched. In both cases the court looked to the actual effect of the orders and recognizing that they amounted to injunctions treated them as such for purposes of appeal. The instant case, however, is distinguishable in that the order left all the issues triable in the original suit at law and in the court where that action was pending. Under the rules applicable to such an action in that court a jury had ostensibly been waived and the order but denied an application by the appellant for relief from the effect of that waiver in the exercise of the court's discretionary power under Rule 6, F.R.C.P. There is, accordingly, no reason for treating this order any differently for purposes of appeal than as the usual interlocutory order it is and let review await the time when, if ever, it comes up on an appeal from a final judgment. Cf. McNabb v. Kansas City Life Ins. Co., 8 Cir., 139 F.2d 591.

We dealt with a variant of this situation in Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, certiorari denied 332 U.S. 770, 68 S.Ct. 82. There a motion for a jury trial was denied in a suit on a patent commenced as an action in equity and changed by amendment to a suit at law for damages only. The issue was not, as here, whether to excuse a waiver of a trial by jury but whether the demand for a jury trial was timely as a matter of law. If Rule 38, F.R.C.P., had been erroneously construed, as we held it had, the plaintiff had undoubtedly been deprived of the right to a trial by jury and forced to a trial which was sure to be abortive. That was the equivalent of a denial by the court to exercise its power to hear and determine the issues as a tribunal constituted in the manner provided by law and we considered the situation sufficiently extraordinary to require a drastic remedy and granted a petition for a writ of mandamus. Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919; Ex parte Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094. It was implicit in our decision that the remedy by appeal was inadequate since it would be effective only after final judgment and the parties would then have been put to the delay and expense of a fruitless trial. cf. Bank Line v. United States, 2 Cir., 163 F.2d 133, 136.

Appeal dismissed.

L. HAND, Circuit Judge (dissenting).

It is true that in Bereslavsky v. Caffey[1] the question, whether an action should be tried to a judge or to a jury, was one of law; not, as here, of the exercise of discretion. However, although expressions to the contrary can be found, the Supreme Court has said a number of times, and in some cases has decided, that the writ of mandamus may be used to determine whether the lower court has abused its discretion.[2] This is also the rule in several of the states, though these I have not thought it necessary to consider. Therefore, if the appellant had applied for mandamus, I think that we should have been obliged to consider the merits.

True, an appeal is not a petition for that writ, but, since the only difference

[1] 2 Cir., 161 F.2d 499.
[2] Ex parte Bradley, 7 Wall. 364, 377, 19 L.Ed. 214; Commonwealth of Virginia v. Rives, 100 U.S. 313, 323, 324, 25 L.Ed. 667; In re Engelhard & Sons Co., 231 U.S. 646, 651, 34 S.Ct. 258, 58 L.Ed. 416; Los Angeles Brush Mfg. Corp. v. James, 272 U.S. 701, 708, 47 S.Ct. 286, 71 L.Ed. 481; Roche v. Evaporated Milk Association, 319 U.S. 21, 32, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Burr, per Marshall, C.J., 9 Wheat. 529, 530, 6 L.Ed. 152. See also in re Keith, 5 Cir., 128 F.2d 908, 912.

is one of form, I am not willing to put the appellant out of court for his failure to call his application by its right name. I am especially moved not to do so, because the situation is one in which I think that we should welcome the opportunity to review in limine an order which, if wrong, would put the parties to needless delay and expense; for the whole trial would go for naught and have to be tried again . de novo. I agree that ordinarily an appeal from interlocutory procedural orders is highly undesirable; but it does seem to me that litigation would become cheaper and swifter, if our jurisdiction were not so narrowly confined as it is. Be that as it. may, here is an opportunity which I would embrace.

On the merits the order ought to be affirmed, for it is clear on this record that the judge did not abuse the discretion given him by Rule 39(b). I should indeed have felt better satisfied, if he had heard the witnesses orally or directed a reference, instead of deciding the issue on affidavits, as he did. However, the plaintiff did not ask him to take that course, and he was certainly within his powers in not adopting it sua sponte. Instead of dismissing the appeal, I would affirm the order.