**MOTTOLESE v. PRESTON et al.**
Docket No. 21244.

United States Court of Appeals
Second Circuit.
Jan. 20, 1949.

Sullivan & Cromwell, of New York City (E. H. Sykes and John G. Dorsey, both of New York City, of counsel), for the motion.

Delson, Levin & Gordon, of New York City (Harold F. Levin, Edward Marks and Norman Moloshok, all of New York City, of counsel), opposed.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

PER CURIAM.

This is a motion to dismiss an appeal from an order which stayed any further proceedings in the action at bar, pending the determination of an action in the Supreme Court of New York. The action at bar is by a shareholder of the San-Nap-Pak Mfg. Co., Inc., on behalf of herself and all other shareholders and in the right of their company, against the company's directors and their confederates for dereliction in the discharge of the directors' duties. It was commenced in the summer of 1948 by the filing of a summons and complaint in the District Court; and the order on appeal was made on motion of one of the defendants. The action in the state court, during whose pendency the judge has stayed the action at bar, is a consolidation of some nine actions brought during the summer of 1947 in the state court by shareholders of the San-Nap-Pak Mfg. Co., Inc., against substantially the same defendants; and the cause of action in these may be assumed to be the same as that in the action at bar. The judge granted the stay —with leave to the plaintiff to move to vacate it upon a new showing—because he considered that a decision in the state action would be conclusive here, and that the stay was required in the interest of convenience and economy.

It is quite true, as the defendant alleges, that the order is no more than a continuance in the action at bar, and not a modern procedural substitute for a decree in chancery, enjoining the prosecution of an action at law. Therefore it is not within the doctrine of Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176. That it is not a final order needs no argument. For this reason the appeal must be dismissed under our decision in Abbe v. New York, New Haven & Hartford Railroad Co., 2 Cir., 171 F.2d 387. Nevertheless, we do not wish to be understood as holding that the plaintiff is not entitled to relief by way of mandamus; and as to that we reserve judgment. Our present decision is no more than that appeal is not the proper remedy; we do not mean to intimate whether the situation is within the doctrine of McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762, and Great North Woods Club v. Raymond, 6 Cir., 54 F.2d 1017, or within that of Spector Motor Service v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101, and American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., D.C., 10 F.Supp. 512, affirmed on opinion below, 2 Cir., 76 F.2d 1002.

That question it is within the power of the appellant to present to the district court and if dissatisfied with the result a petition for mandamus might then be an appropriate remedy.

Appeal dismissed.