## INTERNATIONAL FORWARDING CO. v. BREWER.

### No. 12952.

United States Court of Appeals
Fifth Circuit.

April 5, 1950.

L. H. Hedrick, Miami, Fla., for appellant.

No appearance on behalf of appellee entered.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

PER CURIAM.

Appellant, plaintiff below, brought this suit for damages and to enjoin the defendant below: from using the trade name, "International Forwarding Service", or any other name confusedly similar to International Forwarding Co., the company and trade name of plaintiff, or to "International Service", plaintiff's slogan; and from the use of words, conduct, silence or actions calculated to deceive or mislead the public into believing that they are doing business with the plaintiff.

Alleging that, with the purpose and result of unfairly competing, with plaintiff, and of confusing and deceiving the public and persons desirous of transacting business with it and its affiliate and subsidiary, defendant deliberately selected the name "International Forwarding Service", and, though warned and directed to desist, continues to deceive, confuse, and mislead by using said name and practices.

The relief prayed by plaintiff was: (1) that defendant be enjoined from using the words "International Forwarding Service" and the word "International" in any manner in combination with the word "Forwarding" or "Service" as a part of defendant's trade name; (2) that it be enjoined from thus using these words in con-

---

nection with the soliciting, procuring, or transaction of business for defendant; and (3) "that they be further enjoined from the use of words, actions, conduct, silence or actions in a manner calculated to deceive or mislead the public and particularly the customers of Plaintiff into believing they are doing business with International Forwarding Co., or into believing that such salesmen, agents, employees and servants are employed by, or acting for, said plaintiff". There were also prayers for damages and a general prayer for equitable relief.

Defendant set up: as a first defense that the complaint fails to state a claim for relief; for a second defense that the action is now barred by laches; and a third defense that the name sought to be enjoined is not sufficiently similar to plaintiff's name to cause confusion or deceive anyone.

There was further a denial that the use of the name has misled or deceived anyone, a denial that the plaintiff has suffered any harm or damages by reason of defendant's acts, and a denial that defendant ever represented to anyone that he was, or represented, the plaintiff, International Forwarding Co., or ever did business with anyone under that name.

The pleadings standing thus, defendant, expressly waiving damages and asking judgment only "for the injunctive relief prayed and for its costs", moved for judgment on the pleadings.

From the interlocutory order [1] denying its motion, plaintiff has appealed,[2] insisting that there were no issues of fact to be decided and that on the pleadings it was entitled to the relief asked.

We do not think so. If plaintiff had limited the relief asked in its motion to the relief numbered (1) and (2) above, its motion should have been granted, because,

upon the pleadings, there is no issue of fact that the use of such names or words was wrongful as to plaintiff, and that plaintiff was entitled to injunctive relief from that use.

The difficulty with plaintiff's cause arises from the fact that the relief it asked was much broader than this, and that the very broad relief asked for in number (3) above ought not to have been granted on the pleadings in view of defendant's denials of an intent to defraud.

The judgment is, therefore, affirmed, but without prejudice to the right of the plaintiff, if it is so advised, to reapply for judgment on the pleadings for the relief, in the modified form indicated above, in numbers (1) and (2).

1. "After argument on motion of plaintiff for judgment on the pleadings, it appears that there are issues of fact to be decided and the motion is denied".

2. Under Sec. 1292(1), Title 28 U.S.C.A. C/o Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed.

176; Sims v. Greene, 3 Cir., 160 F.2d 512; Raylite Elec. Corp. v. Noma Elec. Corp., 2 Cir., 170 F.2d 914; Banco, Mercantil Americano de Cuba v. Taggart Coal Co., 5 Cir., 276 F. 388; In-A-Floor Safe Co. v. Diebold Safe & Lock Co., 9 Cir., 91 F.2d 341.