## INTERNATIONAL NICKEL CO., Inc. v. MARTIN J. BARRY, Inc.
### No. 6579.

United States Court of Appeals
Fourth Circuit.

Argued April 17, 1953.

Decided May 15, 1953.

1. Sec. 329(c) of the Nationality Act of 1940, as amended by Sec. 27 of the Internal Security Act of 1950, 64 Stat. 1015.

584

Harry N. Baetjer, Baltimore, Md., and Drury W. Cooper, New York City (Thomas J. Byrne, Jr., John F. Dooling, Jr., and Anthony William Deller, New York City, on the brief), for appellant.

William L. Marbury, Jr., and J. Martin McDonough, Baltimore, Md. (Piper & Marbury, Baltimore, Md., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order staying proceedings in a patent suit in the District of Maryland pending the outcome of a suit instituted prior thereto in the Southern District of New York. Motion has been made to dismiss the appeal on the ground that the order appealed from is not a final order or one granting or denying an interlocutory injunction.

The plaintiff is the International Nickel Company, Inc., which on August 15, 1952, instituted suit in the United States District Court for the Southern District of New York against the Ford Motor Company and the Caswell Motor Company, a dealer in Ford automobiles. The purpose of the suit was to recover damages and obtain an injunction because of alleged infringement by those defendants of plaintiff's patent No. 2,485,760 covering a cast ferrous alloy, known as "Ductile Cast Iron". Answer and counterclaim have been filed in that suit asking that the patent be declared invalid on the prior art and for prior use. Nearly two months after the institution of that suit, on October 6, 1952, plaintiff instituted this suit in the court below asking damages and an injunction against the defendant Martin J. Barry, Inc., a dealer in Lincoln automobiles in the State of Maryland. It is alleged and not contradicted that the total damages recoverable against Barry on account of infringement of the patent up to November 1952 would not exceed the sum of eleven dollars. It is conceded that Ford has agreed to indemnify Barry for any expenses incurred in defending this suit and that attorneys employed by Ford are defending it.

A motion made in the suit in the Southern District of New York to permit Barry to be made a party to that suit and to enjoin the prosecution of the suit here was denied. International Nickel Co. v. Ford Motor Co., 108 F.Supp. 833. Thereafter, the court below passed upon a motion made by defendant for an order staying this action pending further order of the court, or in the alternative transferring it to the Southern District of New York, and entered order staying it. The stay was granted until the further order of court pending the determination of the New York case. In granting the stay, the trial judge

adverted to the reason assigned by counsel for Ford for wishing to try the case in New York, saying:

"The reason assigned is that they regard it as very important on the validity of this patent issue to be able to prove the prior use which they contend would invalidate the patent, and their feeling is that they could best do that in the suit in New York where they would have easy access to the witnesses who would not be within one hundred miles of this Court. I was impressed by the reasons for that position as given by the counsel for Ford with regard to the New York litigation, and therefore I regret that I have to express the view that I think this case should be stayed pending the New York decision, much as I regret to rule it as an exception to the general policy of providing a speedy trial of cases.

\* \* \* \* \* \*

"This Court is willing to give, so far as the Judges are concerned, the extra time that is necessary to try this patent case even though it is apt to be a very burdensome case, as counsel have suggested, and we are willing to do it; but I do not think that there is any reasonable basis for asking the Southern District of New York Judge, who would be sitting there, to try the case and ask that also from a Judge from Maryland. Either one or the other seems to me to be sufficient."

██ We think it clear that the order staying proceedings in the case is neither a final order nor an order granting or denying an interlocutory injunction. It is merely an interlocutory order stating what the court purposes to do, which may be revoked or superseded at any time. As such, it is clearly not appealable. See City of Morgantown v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989; International Refugee Organization v. Republic S. S. Corp., 4 Cir., 189 F.2d 858,

861; Clinton Foods v. United States, 4 Cir., 188 F.2d 289; Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360; Triangle Conduit & Cable Co., Inc., v. National Electric Products Corp., 6 Cir., 127 F.2d 524; Beckhardt v. National Power & Light Co., 2 Cir., 164 F.2d 199; Phillips v. Securities & Exchange Comm., 2 Cir., 171 F.2d 180; Mottolese v. Preston, 2 Cir., 172 F.2d 308, 309. As said in the case last cited: "It is quite true, as the defendant alleges, that the order is no more than a continuance in the action at bar, and not a modern procedural substitute for a decree in chancery, enjoining the prosecution of an action at law. Therefore it is not within the doctrine of Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176. That it is not a final order needs no argument. For this reason the appeal must be dismissed \* \*."

██ If we were of opinion that the judge below had abused his discretion in entering the stay order, we would be justified, we think, in treating the attempted appeal as an application for mandamus and in directing him to proceed with the hearing of the case, or at least in giving leave to appellant to make application for the writ. See International Refugee Organization v. Republic S. S. Corp., supra, 4 Cir., 189 F.2d 858, 861; Travelers' Protective Ass'n v. Smith, 4 Cir., 71 F.2d 511; Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866, 869; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329; Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111. We do not think, however, that any abuse of discretion has been shown in the action of the trial judge in entering the order. It was unquestionably desirable that the important issue of the validity of the patent be tried out in the action which had been first instituted, to which the infringing manufacturer was a party, and which was pending in a court convenient to parties, counsel and witnesses with power to bring into court by subpoena witnesses on the im-

portant issue of prior use,[1] rather than in a suit subsequently begun in a court which could not reach important witnesses by subpoena and in which the only party defendant was a dealer whose alleged infringement up to the time of suit had resulted in damages of only $11. At all events, these were matters which the judge could properly consider in passing on the motion for a stay, as was also the fact that the plaintiff was not entitled as a matter of right to have two federal courts trying the same issue at the same time when court dockets are crowded and other litigants have right to a hearing, or, after having brought a suit in the New York court against the principal infringer, to try the case piecemeal by having another court pass on the principal issue there involved. Even if we were disposed to take a view different from that of the trial judge, which we are not, we would not be justified in holding that there was any abuse of discretion on his part. As was well said by Mr. Justice Cardozo in Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 166, 81 L.Ed. 153, " * * * the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."

In the later case of Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200, Mr. Justice Frankfurter said:

"Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and

experienced judges, must be left to the lower courts."

See also Jewell v. Davies, 6 Cir., 192 F. 2d 670; Mottolese v. Kaufman, 2 Cir., 176 F.2d 301; Butler v. Judge of U. S. District Court, 9 Cir., 116 F.2d 1013; Coyne & Delany Co. v. G. W. Onthank Co., D.C., 90 F.Supp. 505; Schwartz v. Kaufman, D.C., 46 F.Supp. 318; Green v. Gravatt, D.C., 35 F.Supp. 491.

For the reasons stated, the appeal will be dismissed.

Appeal dismissed.

---

1. Depositions of witnesses on the important issue of prior use, where the credibility of the witnesses is a crucial matter, would not be nearly so satisfactory as having the witnesses testify in person before the trial judge who must pass upon the issue.