**WILSON BROTHERS, an Illinois corporation, Plaintiff-Appellant,**

v.

**TEXTILE WORKERS UNION OF AMERICA, CIO, John Wm. Horton, President, and Martin F. Clancy, Treasurer of Local 675, Textile Workers Union of America, CIO, Defendants-Appellees.**

No. 291, Docket 23494.

United States Court of Appeals
Second Circuit.

Argued May 2, 1955.
Decided June 2, 1955.

Edward J. Ennis, New York City (Clifford Forster, New York City, on the brief), for plaintiff-appellant.

Benjamin Wyle, New York City (Max Zimny and William H. Englander, New York City, on the brief), for defendants-appellees.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and DIMOCK, District Judge.

CLARK, Chief Judge.

This case concerns the duty to arbitrate a dispute arising out of a collective bargaining contract lawfully terminated by the employer in accordance with its terms. The union and the employer had come to disagree about the employer's continued liability for accrued vacation pay under the terminated contract. The employer attempted to frustrate the union's announced intention of submitting this question to arbitration by initiating this action for a declaratory judgment. Its complaint sought a judicial interpretation of its contractual obligations and temporary and permanent injunctions against defendants' resort to arbitration. The union countered by cross-motions to require arbitration and stay the lawsuit, which were granted by the district court, and the employer appeals.

Although the defendants have not filed a motion to dismiss the appeal, we must of our own accord investigate our jurisdiction to decide this case. The orders entered below are clearly interlocutory, see Shanferoke Coal & Supply Corp. of Delaware v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, so that they are appealable only if they are sufficiently analogous to

injunctive orders to come within 28 U.S.C. § 1292(1). We do not think that the orders entered here can so qualify.

In Stathatos v. Arnold Bernstein S. S. Corp., 2 Cir., 202 F.2d 525, we recently had occasion to discuss in detail the effect of orders like the ones before us here. We there held that the granting of a stay pending arbitration was merely a decision about the manner in which the trial of the case should proceed, and not an injunction. Courts in other circuits have come to similar conclusions, see, e. g., United States v. Richardson, 5 Cir., 204 F.2d 552; International Nickel Co. v. Martin J. Barry, Inc., 4 Cir., 204 F.2d 583; International Refugee Organization v. Republic S. S. Corp., 4 Cir., 189 F.2d 858. Of the two decisions looking the other way, one, Hudson Lumber Co. v. U. S. Plywood Corp., 9 Cir., 181 F.2d 929, which is factually on all fours with this case, has been recently criticized by implication in Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, and the other, Jewell v. Davies, 6 Cir., 192 F.2d 670, certiorari denied 343 U.S. 904, 72 S.Ct. 635, 96 L.Ed. 1323, is only a dictum.

 Whatever questions it may suggest in other cases, the decision in the Bodinger case directly supports the result which we are reaching. The Supreme Court there determined, albeit reluctantly, that it could not abandon the distinction between actions formerly originating at law and actions formerly in equity. See Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176. Even orders denying arbitration were held to be appealable only when the action was commenced "at law"; when the suit was "in equity," the stay was but a procedural step in the same action. It is perhaps regrettable that the Court did not feel prepared to follow the lead, rather suggested in City of Morgantown, W. Va. v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347, of recognizing the union of law and equity into the one civil action where

the procedural character of these orders would be realistically viewed in terms of modern trials. As it is, some confusion must remain; and our decisions permitting appeals from *denial* of a stay of action pending arbitration can be upheld only where they are actions "at law," i. e., for damages. See Wilko v. Swan, 2 Cir., 201 F.2d 439—reversed on the merits 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168—as explained in the Bodinger case, 348 U.S. 176, 179 note 5, 75 S.Ct. 249, and Markel Electric Products, Inc., v. United Electrical, Radio & Machine Workers of America, 2 Cir., 202 F.2d 435. But here the action is clearly of an equitable nature, and the stay is not an appealable order. The appeal must therefore be dismissed.

Appeal dismissed.