Ruth C. CHAPMAN, Appellee,

v.

INTERNATIONAL LADIES' GARMENT WORKERS' UNION, International Ladies' Garment Workers' Union, Local 581, Appellants.

Ruth C. CHAPMAN, Appellee,

v.

SPARTAN UNDIES, INC., and Jonathan Logan, Inc., Appellants.

Betty J. PETTY, Appellee,

v.

INTERNATIONAL LADIES' GARMENT WORKERS' UNION, International Ladies' Garment Workers' Union, Local 581, Appellants.

Betty J. PETTY, Appellee,

v.

SPARTAN UNDIES, INC., and Jonathan Logan, Inc., Appellants.

Hazel S. MURRAY, Appellee,

v.

SPARTAN UNDIES, INC., and Jonathan Logan, Inc., Appellants.

Evelyn V. HYATT, Appellee,

v.

SPARTAN UNDIES, INC., and Jonathan Logan, Inc., Appellant.

Nos. 12530–12535.

United States Court of Appeals
Fourth Circuit.

Sept. 25, 1968.

See also D.C., 265 F.Supp. 675.

Thomas C. Bradley, Jr., Thomas A. Evins, Spartanburg, S. C., for appellees.

E. W. Mullins, Columbia, S. C., for appellants.

Before SOBELOFF, CRAVEN and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

The question presented for determination is whether an order of the District Court denying defendants' *motion to* stay plaintiffs' actions pending arbitration is an "injunction" within the meaning of 28 U.S.C. § 1292(a) (1) and so an immediately appealable interlocutory order.

The four plaintiffs who initiated these proceedings are employees of the defendants, Jonathan Logan, Inc., and Spartan Undies, Inc. The plaintiffs allege a wrongful withholding of certain vacation pay benefits which they claim inure to their benefit under a collective bargaining agreement between the defendant-employers and the International Ladies' Garment Workers' Union and its Local 581. In these actions the plaintiffs seek compensatory and punitive damages, attorneys' fees, and an injunction against the defendants' illegal withholding of vacation pay in the future. The Union and its local, who were also named defendants in two of these actions, joined with the employers in a motion in the District Court for a stay pending arbitration. The District Court denied the motion and thereupon the defendant-employers and the union sought leave to prosecute a discretionary appeal under § 1292(b). The District Judge signed the requisite certificate but leave to appeal was denied by this court without opinion on April 4, 1968.

Additionally, the defendants filed notices of an appeal as of right under § 1292(a) (1), asserting that the order of the District Court was an "injunction" within the meaning of that section. Before us now is the plaintiffs' motion to dismiss the appeal.

We think the motion to dismiss the appeal must be granted. In a series of decisions, the Supreme Court has endeavored to establish guidelines for determining when an order granting or denying a stay pending arbitration is an appealable interlocutory order under § 1292(a) (1). In its most recent consideration of the problem, in Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955), an action for an equitable accounting, the Court held that the denial of the defendant's motion for a stay pending arbitration was not appealable under § 1292(a) (1). In dictum, Justice Reed, writing for the majority, indicated that where the plaintiff seeks legal as opposed to equitable relief, an order refusing a stay pending arbitration would be an appealable "injunction." The Court, in announcing that the appealability of an order would depend entirely on the form of the plaintiff's action, adhered to its prior holdings in City of Morgantown v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949), Ettelson v. Metropolitan Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942), and Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935).[1] Justices Black and Douglas, dissenting in *Baltimore Contractors,* criticized the majority's approach as a "jurisdictional 'incongruity * * * spring[ing] from the

---

1. In *Morgantown,* an insurer sued for reformation of an insurance policy. The policyholder filed a counterclaim upon the policy and demanded a jury trial. The District Court denied the demand, and its order was held not appealable.

In both *Ettelson* and *Enelow,* the insured sought to recover the proceeds of a life insurance policy issued by the defendant. The insurer in each case filed a counterclaim alleging fraud by the insured in the procurement of the policies and praying cancellation of the policies.

In *Ettelson,* the plaintiff moved to dismiss the counterclaim. The District Court denied the plaintiff's motion and ordered that the counterclaim should be heard by a court sitting in equity prior to trial of the issues raised in the plaintiff's complaint. This order was held an appealable "injunction." In *Enelow,* the insurer petitioned that the "equitable issues" raised in its answer be heard in equity in advance of trial of "any purely legal issues." The District Court's order granting this petition was held appealable.

persistence of outmoded procedural differentiations' that have 'elements of fiction' in this modern day." 348 U.S. at 186, 75 S.Ct. at 255. In their view the order was appealable, notwithstanding that the plaintiff there was seeking only equitable relief, because the denial of the stay had "the substantial effect of [an] interlocutory injunction order."

*Baltimore Contractors* teaches that where the underlying action is at law, the grant or denial of a stay pending arbitration is equivalent to the equity side of the court enjoining an action at law, in effect an "injunction" within § 1292(a) (1). If the underlying action is in equity, however, the grant or denial of a stay is said not to be an "injunction" on the theory that "[t]he fiction of a court with two sides, one of which can stay proceedings in the other, is not applicable where there is no other proceeding in existence to be stayed." City of Morgantown v. Royal Ins. Co., supra, 337 U.S. at 257–258, 69 S.Ct. at 1069.

Foreshadowing the dissent in *Baltimore Contractors*, Justices Black and Rutledge dissenting in *Morgantown* pressed the view that *Enelow* and *Ettelson* were controlling because the *effect* of the orders in those cases, as in *Morgantown*, was injunctive in nature. The persistent conflict, then has been between the majority in *Morgantown* and *Baltimore Contractors* which fixes on the nature of the relief sought, and the dissenters who maintain that an appeal lies under § 1292(a) (1) in any case, regardless of the relief sought, whenever the order appealed from is tantamount to an injunction. Lower courts have expressed dissatisfaction with the prevailing view. See, e. g., Penoro v. Rederi A/B Disa, 376 F.2d 125, 131 (2 Cir. 1967), cert. denied sub nom., Rederi A/B Disa v. Cunard S/S Co., 389 U.S. 852, 88 S.Ct. 78, 19 L.Ed.2d 676 (1968), in which Judge Anderson terms the *Enelow - Ettelson - Morgantown - Baltimore Contractors* doctrine a "thicket."

We note in passing an anomaly implicit in a recent case in which the equitable relief sought by the plaintiff was an injunction against arbitration proceedings. A. & E.' Plastik Pak Co., Inc. v. Monsanto Co., 396 F.2d 710 (9 Cir. 1968). There, A. & E. brought an action in the District Court for temporary and permanent injunctions against arbitration proceedings which Monsanto had demanded. An order denying A. & E.'s motion for the temporary injunction was held an appealable interlocutory order under § 1292(a) (1). Yet the identical legal issue might have been presented if the defendant Monsanto had moved for and been denied a stay of the litigation pending arbitration. In the latter procedural context, the order would not be appealable since it was passed in an action for equitable relief and *Baltimore Contractors* would be controlling. There is room for dissatisfaction with a rule that tolerates opposite results depending upon the pure fortuity of the outcome of the race to the courthouse.

Whatever the merit of the Court's reasoning, it is not for us to refuse to follow its decisions in the absence of some indication that, if presented with the question, the Court would no longer follow its repeatedly announced doctrine. Although Justices Black and Douglas, dissenting from the denial of certiorari in Rederi A/B Disa v. Cunard S/S Co., supra, have expressed dissatisfaction with the "confusion and technicality" introduced by *Baltimore Contractors* and *Morgantown*, we find no indication that a majority of the Court is prepared to depart from the law-equity approach. We are therefore required to analyze and ascertain the proper classification of the complaint in the instant case in order to resolve the issue of whether the order of the District Court is subject to an interlocutory appeal under § 1292(a) (1).

The Supreme Court has not addressed itself to the precise question this case raises—whether when a complaint seeks both legal and equitable relief the action should be treated as legal or equitable. The proper inquiry in determining appealability of orders granting or denying stays pending arbitration in cases in which the plaintiff

seeks both legal and equitable relief, it seems to us, is whether the equitable remedy sought is, as Judge Irving Kaufman, speaking for the Second Circuit, put it, "merely incidental" to the action at law. Standard Chlorine v. Leonard, 384 F.2d 304 (2 Cir. 1967).[2]

This case turns therefore on the importance to be attached to the demand for injunctive relief. If the equitable relief requested is not merely incidental, then the order granting or denying a stay is not appealable because the complaint is sufficiently equitable to call for application of the *Baltimore Contractors-Morgantown* rule.

■ Looking at the complaint as a whole, we conclude that the plaintiffs' application to the court to enjoin the defendants from illegally withholding vacation pay in the future should not be characterized as merely incidental. As we interpret the cause of action, though concededly the matter is not free from doubt, the plaintiffs, in their pursuit of mixed legal and equitable forms of relief, are not so much concerned with the recovery of the small sums heretofore withheld from their wages (plus punitive damages and attorneys' fees), as they are with preventing repeated deductions of an illegal and harrassing character running into an indefinite future. At any rate, in the present context, the attainment of the equitable relief is not to be minimized as a merely incidental objective. It is a substantial, though not the exclusive, goal of the litigation.[3]

It is very much to be hoped that the Supreme Court, confronting this case, which appears to fall somewhere between the purely legal (like *Enelow* and *Ettelson*), and the purely equitable (like *Morgantown* and *Baltimore Contractors*), will see fit to clarify this important area of procedural law. In the meantime, in accordance with our conclusion that the request for injunctive relief is substantial and not merely incidental to the claims for legal relief, the

Motion to dismiss the appeal is granted and the appeal is dismissed.

---

2. See also Travel Consultants, Inc. v. Travel Management Corp., 125 U.S.App. D.C. 108, 367 F.2d 334 (1966), where in a complicated fact situation presented by a claim and counterclaim in which both legal and equitable remedies were sought, the court held the stay order appealable upon its conclusion that the claim stayed was "essentially an action at law."

3. The defendants' memorandum asserts that since the institution of the suit they have repaid the sums deducted and agreed to cease deducting "service charges" in the future. We do not deem this material to our consideration of the nature of the plaintiffs' claims. The question for decision is the jurisdiction of the appellate court and the test lies in the character of the complaint, not the shifting stances that may later be assumed by the parties.