**GARNER LUMBER COMPANY,**
**Appellant,**

v.

**RANDOLPH E. VALENSI, LANGE,**
**INC., Appellee.**

### No. 74–1715.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 10, 1975.

Decided April 3, 1975.

William E. Crosswhite, Statesville, N. C. (Sowers, Avery & Crosswhite, Statesville, N. C., on brief), for appellant.

Richard R. Reamer, Salisbury, N. C. (Lewis P. Hamlin, Jr., Salisbury, N. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

Pursuant to 9 U.S.C. §§ 2–4, arbitration was directed on the application of the defendant by the District Court, together with a stay, of the common law action between the present parties for breach of a contract for the purchase and sale in 1973 of lumber at Wilmington, North Carolina. Garner Lumber Company was the plaintiff-vendee, and Randolph E. Valensi, Lange, Inc., the defendant-vendor. On plaintiff's appeal we affirm, resting decision on the trial judge's opinion. Garner Lumber Company v. Randolph E. Valensi, Lange, Inc., 393 F.Supp. 161 (W.D.N.C.1974).

Unquestionably, arbitration was compellable under the parties' stipulations written into the purchase and sale papers:

"5. Any dispute under this contract which cannot be settled amicably, shall be submitted to arbitration in New York, N. Y., and in the absence of agreement, by and in accordance with the rules, then obtaining, of the American Arbitration Association. Judgment on the award rendered may be entered in any court having jurisdiction.

"6. This contract shall be governed by the provision of 'Incoterms 1953' of the International Chamber of Commerce and the laws of the State of New York."

The only issue of substance is made by the defendant's insistence that the stay order is not a "final decision" under 28 U.S.C. § 1291, and is therefore not appealable. We think the stay order is subject to the interlocutory appeal allowed by 28 U.S.C. § 1292(a)(1) as analogous to an injunction. The *Enelow-Ettelson* rule [1] on the appealability of a stay, restated by several Circuits,[2] is that: the grant or refusal of an order staying proceedings in the District Court is appealable under § 1292(a)(1) only if (A) the action in which the stay motion was made would have been an *action at law* before the fusion of law and equity; and (B) the stay was sought to permit the prior determination of an *equitable* defense or counterclaim.

There is no trouble applying this two-pronged test here. Since all that is prayed instantly is damages for breach of contract, clearly a legal action, the first requirement is met. Likewise the second condition is satisfied in that the replication by the defendant-vendor is that the dispute should be submitted to arbitration, an equitable defense. American Safety Equipment Corp. v. J. P. Maguire & Co., Inc., 391 F.2d 821, 824 (2 Cir. 1968); J. S. & H. Construction Co. v. Richmond County Hospital Authority, 473 F.2d 212, 213, n.1 (5 Cir. 1973).

No decision is found in this circuit contrary to the *Enelow-Ettelson* teaching. The only suspect case is General Construction Co. v. Hering Realty Co., 286 F.2d 641 (4 Cir. 1961), wherein the Court declared interlocutory and unappealable an order staying litigation pending arbitration. Upon scrutiny this case is acquitted of the hostile appearance. The District Court in *General Construction* decided that certain of the claims were to be submitted to arbitration and certain others were not. The briefs in *General Construction* disclose that the suit was brought to foreclose a mechanic's lien on certain real property, concededly a suit in equity. The reviewability of the order thus failed on the first premise of the *Enelow-Ettelson* doctrine, that to begin with it must be a law action, and so distinguishable from the immediate controversy.

The order for arbitration and stay of the action will be

Affirmed.

---

1. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942).

2. *E. g.*, Standard Chlorine of Delaware, Inc. v. Leonard, 384 F.2d 304, 308 (2 Cir. 1967); Jackson Brewing Co. v. Clarke, 303 F.2d 844, 845 (5 Cir. 1962); Danford v. Schwabacher, 488 F.2d 454, 455 (9 Cir. 1973); Hart v. Orion Ins. Co., 427 F.2d 528, 530 (10 Cir. 1970).