EXCAVATION CONSTRUCTION,
INC., Appellant,

v.

CARPENTERS' DISTRICT COUNCIL
OF WASHINGTON, D. C. AND
VICINITY, et al., Appellees.

No. 75-1023.

United States Court of Appeals,
Fourth Circuit.

Argued June 11, 1975.

Decided July 1, 1975.

Cosimo C. Abato, Baltimore, Md. (Anthony A. Abato, Jr., Abato & Abato, Baltimore, Md., and Alan D. Eisenberg, Arlington, Va., on brief), for appellees.

Donald W. Savelson, Peter Chatilovicz, Washington, D. C. (Allen G. Siegel, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., on brief), for appellant.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

The district court stayed proceedings in the employer's suit for money damages and equitable relief against the union because of an allegedly unauthorized strike, and directed the parties to resort to arbitration.

We agree with the district court that whether the dispute between the employer and the union was covered by Article IV of the Collective Bargaining Agreement, i. e., whether it was one involving the assignment of work where the union had no right to strike, or whether it was a dispute within the exceptions to the no-strike agreement contained in Article XIII, is far from clear. As a result, the dispute raises a question of the interpretation of the Collective Bargaining Agreement which the parties agreed by Article XIII to resolve by arbitration. We note that the union recognizes that if it had no right to strike, an Article XIII arbitrator could assess damages against it. We therefore affirm the order of the district court staying the employer's suit for money damages and accompanying equitable relief until such time as arbitration under Article XIII of the Collective Bargaining Agreement has been carried to completion.

Because we view the company's suit as one principally and substantially

for money damages, we think that the district court's order staying the law suit pending arbitration was an appealable one. Chapman v. International Ladies' Garment Workers' Union, 401 F.2d 626 (4 Cir. 1968). We deny the union's motion to dismiss the appeal.

*Affirmed; motion to dismiss denied.*