Horace M. BEAR, Plaintiff-Appellee,

v.

HAYDEN, STONE, INCORPORATED, a Delaware Corporation and HS Equities, Inc., a Delaware Corporation, Defendants-Appellants.

No. 74–1898.

United States Court of Appeals, Ninth Circuit.

Oct. 29, 1975.

Walter S. Weiss, Long & Levit, Los Angeles, Cal., for defendants-appellants.

Barry M. Rudman, Stephen A. Malley and Douglas Neistat, Beverly Hills, Cal., for plaintiff-appellee.

OPINION

Before CHOY and GOODWIN, Circuit Judges, and EAST,* District Judge.

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

PER CURIAM:

Hayden, Stone, Inc. appeals from a denial of its motion for a stay of a damage action pending the arbitration of the dispute.

█ This court has jurisdiction of the appeal under 28 U.S.C. § 1292(a)(1) because Bear's complaint "sounds in contract", an action at law, and is confronted by an equitable defense, thereby meeting the *Enelow-Ettelson*[1] test of appealability. *Danford v. Schwabacher,* 488 F.2d 454 (9th Cir. 1973).

Bear instituted his action for damages because Hayden Stone allegedly broke its promise to repurchase shares of preferred stock which Bear bought between 1962 and 1970 while employed as a Hayden Stone vice president. As a condition of his employment with the brokerage firm, Bear became an allied member of the New York Stock Exchange. Hayden Stone was already a member corporation. As members of the New York Stock Exchange, both parties had sworn to be bound by its constitution, a section of which requires:

· "Any controversy between parties who are members, allied members, member firms or member corporations shall, at the instance of any such party, and any controversy between a non-member and a member or allied member or member firm or member corporation arising out of the business of such member, allied member, member firm or member corporation, or the dissolution of a member firm or member corporation, shall, at the instance of such non-member, be submitted for arbitration, in accordance with the provisions of the Constitution and the rules of the Board of Governors." Article VIII, Section 1, New York Stock Exchange Constitution.

After a corporate reorganization and the refusal by Hayden Stone's successor corporation to repurchase the shares in question, Bear sued in the district court and Hayden Stone moved to compel arbitration. The district court denied the motion stating that the dispute was not of the kind intended to be subsumed by the term, "any controversy" in the arbitration provision quoted above.

The question is complicated by the withdrawal of Hayden Stone from the NYSE. Bear's present membership status is unclear. However, because the dispute involves a transaction entered into by the parties when they were both members, and an alleged breach during the time of their membership, the parties agree that the arbitrability of the dispute is governed by the arbitration provision quoted above. *See Isaacson v. Hayden, Stone, Inc.,* 319 F.Supp. 929 (S.D.N.Y.1970).

█ The district court held, as noted, that the arbitration provision was not designed to cover intracompany disputes. While some intracompany disputes might not be arbitrable,[2] Bear has adduced and we have discerned no reason why disputes between NYSE members, in their capacities as shareholder and corporation, should be read out of the meaning of "any controversy". Arbitration is regarded with favor by the courts, *Prima Paint v. Flood & Conklin,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Riess v. Murchison,* 384 F.2d 727 (9th Cir. 1967), except in situations involving protective legislation,[3] an exception not germane to this case.

---

1. *Enelow v. New York Life Ins. Co.,* 293 U.S. 397, 55 S.Ct. 310, 79 L.Ed. 440 (1935); *Ettelson v. Metropolitan Life Ins. Co.,* 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942). *See also Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955).

2. In situations where public policy dictates that an administrative or judicial body have primary jurisdiction, arbitration may not be ordered unless the waiver of the statutory right follows the controversy. *Cobb v. Lewis,* 488 F.2d 41 (5th Cir. 1974) (antitrust); *Coenen v. Pressprich & Co.,* 453 F.2d 1209 (2d Cir.), *cert. denied,* 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972) (Securities Act).

3. The most obvious example of protective legislation that impinges on the arbitration provision of the NYSE constitution is embodied in the federal securities laws. *See Wilko v.*

While we agree that the term "any controversy" extends only to the reasonable boundaries of that term, we believe that it does extend to the present case. First, there has been no showing in the record that Bear and Hayden Stone were not operating at arm's length when they made their contract. Bear had a right to invest in the shares of brokerage companies, including his own. His election to invest in Hayden Stone should make no difference to a determination of arbitrability.

Second, the provision for arbitration between members and nonmembers is limited to transactions "arising out of the business of such member * * * or the dissolution of * * * [such] member * * *," while the same provision compels arbitration for "any controversy" between members; a transaction such as the instant one, which is arguably one within the limited category, would obviously be included in the broader category of "any controversy".

Third, the Second Circuit, the court most experienced in the contextual nuances of the relationships involved in this type of case, has held disputes similar to the instant one arbitrable. *Isaacson v. Hayden, Stone, Inc., supra; Coenen v. R. W. Pressprich & Co.,* 453 F.2d 1209 (2d Cir.), *cert. denied,* 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972). We also note that the *Isaacson* case involved almost the same fact situation which Bear presents here.

We also note that other circuits have enforced similar arbitration provisions, *Brown v. Gilligan, Will & Co.,* 287 F.Supp. 766, 769, 776 (S.D.N.Y.1968) (involving a similar provision of the AMEX constitution), approved at the circuit level. *In Re Revenue Properties Litigation,* 451 F.2d 310, 312–13 (1st Cir. 1971); *Ayres v. Merrill Lynch, etc., Inc.,* 353 F.Supp. 1084, 1090–91 (E.D.Pa.1973) (ar-

bitration provision governing registered representatives enforceable).

Bear seems most concerned that he will not be given a fair hearing before the arbiters because the NYSE is financially interested in the outcome of the case. Such a contention is premature. If it has any validity, it can be considered at the proper time. *Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968).

The order appealed from is vacated and the cause is remanded.

---

*Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) (1933 Act); *but see Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974); *Coenen v. Pressprich & Co.,* 453 F.2d 1209 (2d Cir.), *cert. denied,* 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972) (1934 Act). Note that § 28(b) of the 1934 Act expressly empowers stock exchanges to make rules for settlement of disputes between members.