562 F.2d 294
 UNITED STATES of America, Appellee,
v.
GEORGIA PACIFIC CORPORATION, Appellant,
and
9268.52 Acres of Land, More or Less, Situate in Mingo and
Wyoming Counties, State of West Virginia, et al.,
and unknown owners, Defendants.
 No. 76-2066.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Jan. 10, 1977.
Decided Aug. 25, 1977.
 
 Phillip A. Nacke, Angelo A. Iadarola, Washington, D. C., and Robert E. Douglas, Charleston, W. Va., for appellant.
 Glen R. Goodsell, Atty., Appellate Section, Land and Natural Resources Div., U. S. Dept. of Justice, Washington, D. C., for appellee.
 Before WINTER, WIDENER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Georgia Pacific Corporation (Georgia Pacific), filed suit in the Court of Claims on August 22, 1975, claiming Fifth Amendment just compensation for lands taken by the United States by means of inverse condemnation. The taking was consequent to a dam construction and flood control project on the Guyandot River in Mingo and Wyoming Counties, West Virginia, pursuant to the River and Harbor Act of 1962. Pub.L. No. 87-874, 76 Stat. 1173, 1188 (1962). On February 18, 1976, a joint motion to stay this proceeding was filed by both counsel in order to allow time for further negotiations. On March 5, 1976, the United States filed a complaint in condemnation, accompanied by a declaration of taking, in the United States District Court for the Southern District of West Virginia to acquire interests in land located in Mingo and Wyoming Counties, to be utilized in the dam and flood control project.[1]
 
 
 2
 On April 14, 1976, Georgia Pacific requested a stay of the valuation proceedings in the district court pending a resolution of its claim of a prior taking in the Court of Claims. This motion was denied on June 4, 1976, and it is from that order that Georgia Pacific appeals. Georgia Pacific says the interests in land which are the subject of the suit in the Court of Claims are a part of the interests which are the subject of the condemnation case.
 
 
 3
 The United States has submitted a motion seeking to dismiss the appeal, and Georgia Pacific has filed a response in opposition. For the reasons stated below the motion to dismiss the appeal is granted, and the appeal is dismissed.
 
 
 4
 It is well settled that this Court has jurisdiction of appeals from all final decisions of the district court. 28 U.S.C. § 1291. The denial of the motion to stay in the instant case, however, cannot be considered as a final order, as the cause of action remains within the province of the district court pending the resolution of the rights of the parties in connection with the taking of the property in question.
 
 
 5
 Appellant argues that the stay order is subject to the interlocutory appeal provisions allowed by 28 U.S.C. § 1292(a)(1). An order staying or refusing to stay proceedings in the district court "is appealable under § 1292(a)(1) only if (A) the action in which the stay motion was made would have been an action at law before the fusion of law and equity; and (B) the stay was sought to permit the prior determination of some equitable defense or counterclaim." Garner Lumber Co. v. Valensi, Lange, Inc., 513 F.2d 1171, 1172 (4th Cir. 1975) (emphasis in the original); 9 J. Moore, Federal Practice PP 110.20(3), 110.20(4) (2d ed. 1973).
 
 
 6
 In this case, the first requirement of the jurisdictional rule is met since a condemnation case is an action at law. Nevertheless, the second condition is not met since a stay was not sought by appellant in order to advance an equitable defense or counterclaim. Rather, relief was sought in the Court of Claims for money damages, a legal claim, to recover for the alleged taking by the government of certain lands by inverse condemnation. While the Court of Claims may exercise equitable powers incident to its general jurisdiction, no incidental equitable relief was sought by appellant. Carney v. United States, 199 Ct.Cl. 160, 462 F.2d 1142 (1972). Consequently, we find that under the Enelow-Ettelson[2] Rule, the denial of the stay order is not analogous to a refusal of an injunction and hence not appealable under § 1292(a)(1).
 
 
 7
 Georgia Pacific argues that the district judge abused his discretion in denying the motion for a stay and as such its appeal should be treated as an application for a writ of mandamus directing the district judge to grant the stay. Invocation of the extraordinary remedy of mandamus is to be used only in "exceptional circumstances," since to do otherwise would frustrate the basic federal policy against piecemeal appeals. La Buy v. Howes Leather Co., 352 U.S. 249, 254, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).
 
 
 8
 The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket. Landis v. North American Co.,299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). On the record before us, we find no abuse of discretion which would necessitate resorting to the extraordinary remedy of mandamus.[3]
 
 
 9
 Accordingly, the motion to dismiss the appeal is granted, and the appeal is dismissed.[4]
 
 
 
 [1]
 The government claims that the lands which are subject of the suit in the Court of Claims are not identical with the land the government sought in its complaint in condemnation filed in the district court. (R. at 67-69.)
 
 
 [2]
 Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 70, 79 L.Ed. 440 (1935); Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942)
 
 
 [3]
 The fact that an erroneous order may be entered is not alone sufficient to justify invocation of mandamus. "Courts faced with petitions for the peremptory writs must be careful lest they suffer themselves to be misled by labels such as 'abuse of discretion' and 'want of power' into interlocutory review of nonappealable orders on the mere ground that they may be erroneous. 'Certainly Congress knew that some interlocutory orders might be erroneous when it chose to make them non-reviewable.' " Will v. United States, 389 U.S. 90, 98 n. 6, 88 S.Ct. 269, 275, 19 L.Ed.2d 305 (1967)
 
 
 [4]
 We note in passing that no plea to the jurisdiction of the district court was filed, and no application for prohibition has been filed in this court. While we express no opinion as to the merits of such plea or application, it seems apparent that the objection of Georgia Pacific to the suit in the district court does not extend to asking for its dismissal