816 F.2d 673
npublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The POOLE & KENT CORPORATION, Plaintiff-Appellant,
v.
TURNER CONSTRUCTION COMPANY, Defendant-Appellee.
 No. 86-3577.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 4, 1987.
Decided April 13, 1987.
 
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 Jack Rephan (Judith F. Herman; Paul V. Walters; Braude, Margulies, Sacks & Rephan, Chartered, P.C.; Dailey J. Derr, on brief), for appellant.
 Philip Edward Beck (Thomas J. Kelleher, Jr.; S. Gregory Joy; Smith, Currie & Hancock; William G. Hancock, Jr.; Everett & Hancock, on brief), for appellee.
 CHAPMAN, Circuit Judge:
 
 
 1
 This action was brought by The Poole & Kent Corporation, a subcontractor, against Turner Construction, a general contractor, in order to recover money which Poole & Kent alleges it is owed. Acting on Turner's motion, the district court stayed this action and ordered the parties to submit the dispute to arbitration, because the court determined that arbitration was required by the contract. Poole & Kent has appealed and presents two issues for review: whether the district court's order is appealable at this time, and if it is, whether the district court erred in holding that the contract requires these parties to submit the dispute to arbitration.
 
 I.
 
 2
 Turner entered into a contract with the United States to serve as Construction Manager for a research facility to be built for the National Institute of Environmental Health Sciences (NIEHS) at Research Triangle Park, North Carolina. Poole & Kent was awarded the subcontract to install, clean chemically and maintain the pipes, pumps and other items comprising the underground high-temperature hot water systems (HTHWS) for the new facility.
 
 
 3
 Poole & Kent alleges that contaminants introduced into the HTHWS by another subcontractor forced Poole & Kent to perform substantial corrective work on the entire system. After completing this corrective work, Poole & Kent submitted a claim to Turner in the amount of $434,675 for added costs which it had incurred. This law suit grows out of the dispute as to which party is responsible for this additional expense.
 
 
 4
 From the outset of this litigation, Turner has contended that Poole & Kent's complaint is barred because the subcontract requires the parties to submit any disputes to arbitration by the government's Contracting Officer. The subcontract itself does not contain a general clause governing the resolution of disputes under the contract. Article IX provides that disputes over the value of work changed, added or omitted are to be submitted to the Contracting Officer and that his decision shall be binding upon the parties. Similarly, Article V, which governs extensions of time, and Article VIII, which governs the interpretation of plans and specifications, provide that disputes shall be resolved by the Contracting Officer.
 
 
 5
 The subcontract incorporates by reference two documents which are a part of Turner's contract with the United States. The first of these documents, entitled General Provisions for Construction Contracts, Standard Form 23-A, contains a disputes clause which describes an administrative procedure to be used in resolving disputes that arise under the General Contract. The second document is entitled General Conditions and Special Conditions. Section 5 of this document provides that the government will not undertake to settle any differences between or among the contractor and his subcontractors or suppliers.
 
 II.
 
 6
 The threshold issue is whether Poole & Kent can take an interlocutory appeal from the district court's order staying the proceedings and compelling arbitration. Interlocutory appeals from orders staying judicial proceedings are permitted by 28 U.S.C. Sec. 1292(a)(1) if the requirements of the Enelow-Ettelson[1] Rule are met. The Enelow-Ettelson Rule permits an interlocutory appeal if (a) the action stayed would have been an action at law before the merger of law and equity and (b) the stay were sought to permit the prior determination of an equitable defense or counterclaim. We believe that our decision in Garner Lumber Company v. Randolph E. Valensi, Lange, Inc., 513 F.2d 1171 (4th Cir.1975), is controlling on this issue. In Garner Lumber, we held that an interlocutory appeal could be taken from an order which stayed judicial proceedings in a contract dispute pending arbitration. Thus Poole & Kent may properly take an interlocutory appeal for the district court's order.
 
 III.
 
 7
 In deciding that this matter should be submitted to arbitration, the district court relied upon Article IX of the subcontract and the disputes clause contained in the General Provisions for Construction Contracts, Standard Form 23-A.
 
 
 8
 While arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit, Steelworkers v. Warrior and Gulf Navigation Company, 363 U.S. 574, (1960), there is a significant federal policy favoring the arbitration of disputes, and doubts are to be resolved in favor of arbitration. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, (1983). Recently the Supreme Court has held that whether the contract creates a duty of the parties to submit to arbitration is undeniably an issue for judicial determination. AT & T Technologies, Inc. v. Communications Workers of America, 54 U.S.L.W. 4339 (U.S. Apr. 7, 1986).
 
 
 9
 Though the subcontract itself does not contain a disputes clause, Articles V, VIII and IX each provide that a different type of dispute is to be submitted to the Contracting Officer for resolution. The subcontract incorporates by reference the General Provisions of Construction Contracts which contain a disputes clause providing that disputes shall be resolved by the Contracting Officer.
 
 
 10
 Poole & Kent relies upon the recent decision in United States v. Johnson Controls, Inc., 713 F.2d 1541 (Fed.Cir.1983), to support its argument that the General Provisions for Construction Contracts does not define the relationship between Turner and its subcontractors. Johnson Controls grows out of the same construction project for NIEHS at Research Triangle Park. In that suit another of Turner's subcontractors sued the government. After carefully reviewing the contract documents the Federal Circuit concluded that the General Provisions of Construction Contracts had been incorporated into the subcontract solely for informational purposes and that because it conferred no rights upon a subcontractor, its disputes clause was not binding upon a subcontractor. We concur with the decision of the Federal Circuit on this point. Although we do not believe the disputes clause found in the General Provisions to be binding upon Poole & Kent, Articles V, VIII and IX are binding and reflect the clear intention of the parties to have their disputes resolved by the Contracting Officer.
 
 
 11
 Poole & Kent places great emphasizes upon the language of Sec. 5(b) of the General Conditions and Special Conditions, which states that the government will not attempt to settle any differences among the general contractor and his subcontractors or suppliers. There is an apparent conflict between the language found in Sec. 5(b), which has been incorporated into the subcontract and the express language of the subcontract itself. In light of the significant federal policy favoring arbitration, we believe that the proper resolution of this conflict is to affirm the decision of the district court compelling the parties to submit this matter for arbitration to the Contracting Officer.
 
 
 12
 AFFIRMED.
 
 WIDENER, CIRCUIT JUDGE, concurring:
 
 13
 I agree that the parties must arbitrate their dispute but for a different reason than that relied upon by the majority. Section 6 of General Provisions of Construction Contracts, Standard Form 23-A, which was explicitly incorporated into this subcontract requires that such disputes be submitted to the Contracting Officer for resolution. The Contracting Officer here agrees that the dispute can be resolved under Section 6 and has so advised the parties.
 
 
 14
 Relying upon a government affidavit, the Federal Circuit did conclude in Johnson Controls that the General Provisions were incorporated into a similar subcontract for informational purposes only. Even if this were true in Johnson Controls, such a conclusion in our case contradicts the plain language of the contract because the contract itself contains no such limitation.
 
 
 15
 The question of how to require the Contracting Officer, who is not a party to this action, to arbitrate this dispute under Articles V, VIII and IX, instead of Section 6, is left unanswered by the majority, and no answer presents itself. So, I think that directing arbitration, except under Section 6, is not different than the entry of an order we are unable to enforce and should not be done.
 
 
 
 [1]
 Enelow v. New York Life Ins. Co., 293 U.S. 379 (1935), Ettelson v. Metropolitan Life Ins. Co., 137 F.2d 62 (3rd Cir.) cert. denied, 320 U.S. 777 (1943)