835 F.2d 526
 RICO Bus.Disp.Guide 6846
 B & R ASSOCIATES, a District of Columbia Limited
Partnership, Plaintiff-Appellant,
v.
DEPENDABLE INSURANCE COMPANY, INC., a Florida Corporation,
Defendant-Appellee,
v.
MERIDIAN ELECTRIC CORPORATION, a Delaware Corporation, Third
Party Defendant-Appellee,
and
Peter R. Taylor, Sr., Third Party Defendant.
B & R ASSOCIATES, a District of Columbia Limited
Partnership, Plaintiff-Appellee,
v.
DEPENDABLE INSURANCE COMPANY, INC., a Florida Corporation,
Defendant-Appellant,
v.
MERIDIAN ELECTRIC CORPORATION, a Delaware Corporation, Third
Party Defendant-Appellant,
and
Peter R. Taylor, Sr., Third Party Defendant.
 Nos. 87-1058, 87-1070.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 8, 1987.
Decided Dec. 23, 1987.
 
 Francis Samuel Brocato (Brocato & Keelty, Baltimore, Md., on brief), for plaintiff-appellant.
 Andrew Jay Graham (Kramon & Graham, P.A., Gordon C. Murray, Baltimore, Md., on brief), for defendant-appellee.
 Before WIDENER, HALL, and MURNAGHAN, Circuit Judges.
 K.K. HALL, Circuit Judge:
 
 
 1
 B & R Associates ("B & R") appeals from an order of the district court staying proceedings in a contract action while compelling arbitration of all claims arising out of a contract between B & R and Meridian Electric Corporation ("Meridian"). B & R brought its initial complaint against Dependable Insurance ("Dependable"), as surety, for breach of a performance bond and labor and material bond, which the surety wrote with Meridian as principal/obligor, to the benefit of B & R, as obligee. Following Dependable's Petition for an Order for Stay Pending Arbitration and for an Order Directing Arbitration, the district court ordered, in part, that all claims arising out of the contract between B & R and Meridian should be submitted to arbitration and that further proceedings in this case be stayed pending arbitration. Dependable cross-appeals. We reverse and remand for further proceedings.
 
 I.
 
 2
 In May, 1984, B & R entered into a contract[1] with Meridian for the performance of electrical work on a construction project. Dependable provided performance and labor and material bonds relative to Meridian's obligations on the project. Meridian then commenced work on the project in June of 1984. In April of 1985, B & R and Meridian negotiated the cost of certain extra work authorizations which were submitted to the surety as soon as their values were finalized. On April 30, 1985, Meridian ceased work on the project claiming that it had not been sufficiently paid under the contract. After receiving notification from B & R that Meridian was in default, Dependable proposed that B & R pay Meridian $106,904 and that B & R negotiate changes in the contract with Meridian. B & R declined to conduct negotiations. Dependable subsequently notified B & R that the bond had been negated and was no longer in force because B & R had supposedly violated provisions of the surety bond by failing to notify Dependable of any modifications or change orders. B & R brought suit in federal district court against Dependable, as surety, for breach of the performance bond and the labor and material bond. Meridian was named as a party defendant whose interests might be affected but was later dismissed to retain diversity jurisdiction. Dependable subsequently filed a motion for an order directing arbitration, an order staying proceedings pending arbitration and a motion to file a counter claim[2] against B & R. The counter claim asserted breach of contract; failure of payment; tortious interference and breach of contract; and RICO fraud, among other claims. The district court conducted a hearing on the arbitration motions and the motion to file a counter claim.
 
 
 3
 In a bench opinion, the district court ruled that there had been no waiver of the arbitration clause; the RICO claim, along with all other arbitrable claims, would be submitted to arbitration; and the litigation of any non-arbitrable claims would be stayed pending the outcome of the arbitration. In addition, the district court ruled that the motions to compel discovery and to file a counterclaim were rendered potentially moot and denied without prejudice. This appeal followed.
 
 II.
 
 4
 The question of jurisdiction is at issue in this appeal. Dependable argues that this Court lacks jurisdiction because the district court's order compelling arbitration cannot be construed as a final order under 28 U.S.C. Sec. 1291. B & R contends that orders to stay underlying proceedings pending arbitration, when joined with an order to proceed with arbitration, are appealable under 28 U.S.C. Sec. 1291. In the alternative, B & R argues that the stay order is subject to the interlocutory appeal allowed by 28 U.S.C. Sec. 1292(a)(1) and the Enelow-Ettelson doctrine.[3] Although there is case law which would suggest that jurisdiction would lie under 28 U.S.C. Sec. 1291, e.g. County of Durham v. Richards & Assoc., Inc., 742 F.2d 811 (4th Cir.1984), we need not decide this issue because appellate jurisdiction clearly lies under 28 U.S.C. Sec. 1292(a)(1). This Court has recognized jurisdiction over interlocutory appeals from denials of motions to compel arbitration when such motions were raised as equitable defenses in underlying federal litigation between the parties. See Fraser v. Merrill Lynch Pierce, etc., 817 F.2d 250 (4th Cir.1987); Garner Lumber Co. v. Randolph Valensi, Lange, Inc., 513 F.2d 1171 (4th Cir.1975). We, therefore, turn to the merits of this dispute.
 
 
 5
 On appeal, B & R contends that all claims are not arbitrable and, therefore, the district court erred when it failed to specifically set out which issues were to be submitted to arbitration. On cross-appeal, Dependable contends that if this Court remands for an amendment of the district court's order, then the language of its proposed order be adopted for submission to the arbitrator.[4] We find B & R's position persuasive.
 
 
 6
 The district court ordered all claims arising out of the contract be submitted to arbitration. It is clear, however, that the court anticipated that some of the claims might not be arbitrable when it reserved jurisdiction over any claims or issues not resolved by the arbitrator. There can be no doubt that the court must sever and compel arbitration of all arbitrable claims and reserve jurisdiction of any non-arbitrable claims. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); AT & T Technologies, Inc. v. Communication Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). In light of the district court's failure to specify which claims were to be submitted to arbitration and which claims were not subject to compelled arbitration, the arbitration order must be reversed and this matter remanded for further proceedings consistent with this opinion. We reject, however, Dependable's position on cross-appeal. On remand, the district court is under no requirement to accept Dependable's order. It is in the district court's sound discretion whether to accept a proposed order from a party. Andre v. Bendix Corp., 774 F.2d 786 (7th Cir.1985).
 
 
 7
 REVERSED AND REMANDED.
 
 
 8
 MURNAGHAN, Circuit Judge, concurring in part and dissenting in part:
 
 
 9
 Though I concur with the majority in its decision that we have jurisdiction under 28 U.S.C. Sec. 1292(a)(1) and the Enelow-Ettelson doctrine, I part company with the majority in its decision on the merits. The majority incorrectly in my view settles an important issue of law in the Fourth Circuit. The issue is who, federal trial judge or arbitrator in the circumstances of such a case as the present one, decides the scope of an arbitration clause. I would adopt the rule of the Second Circuit that the arbitrator should decide what disputes fall within the arbitration clause when the clause is broadly worded and the court should make the determination as to arbitrability when the clause is narrowly worded.[5]
 
 
 10
 Interpretation of arbitration clauses is a matter of contract interpretation and involves discernment of the parties' intent. Mitsubishi Motors v. Soler Chrysler Plymouth, 473 U.S. 614, 626, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985). When the parties agree to a broadly worded arbitration clause, they are viewed as intending to arbitrate most future disputes. This view agrees with the policy of the Federal Arbitration Act in favor of arbitrability. Since a broad arbitration clause presumably encompasses all future disputes, it encompasses a dispute as to the scope of arbitration. The threshold judicial determination for a district court asked to compel arbitration is not the scope of the clause but rather the existence of an agreement to arbitrate. Compare A.T. Massey Coal Co. v. International Union, United Mine Workers, 799 F.2d 142 (4th Cir.1986). Once settled that the parties agreed to a broad arbitration clause, the controversy should be sent to arbitration in which the arbitrator will pass on the issue of arbitrability of specific issues in dispute.
 
 
 11
 The majority cites AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), in support of its conclusion that the court must first determine the jurisdiction of the arbitrator in this case. AT & T Technologies did hold that the Seventh Circuit erred in ordering the parties to arbitrate the arbitrability question. But, the case does not have application here.
 
 
 12
 The arbitration clause in AT & T Technologies was a narrow one; it expressly provided exceptions to arbitration. The arbitration clause generally provided for arbitration but limited its reach by the following: "provided that such dispute is not excluded from arbitration by other provisions of this contract...." Id. at 1416 n. 1. The limitation indicates that the parties clearly intended for some disputes to be outside arbitration, from which it follows that disputes as to arbitrability would inevitably arise which would not be arbitrable. The Court announced a general rule in this area: "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." Id. at 1418.
 
 
 13
 The rule as I discern it is that when the parties, as they did in the case at bar, agree to an arbitration clause providing that "all claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof ... shall be decided by arbitration ...," they clearly and unmistakably agree to arbitrate the issue of arbitrability. A dispute as to interpretation of the arbitration provision is surely one that "arises out of, or relates to" the contract. The only manner in which the parties could be more clear in this case as to their intent to arbitrate the issue of arbitrability would have entailed their explicitly stating "we agree to arbitrate the issue of arbitrability." The Supreme Court decision in AT & T Technologies does not require specificity to that extent and I would not create it.
 
 
 14
 The district court ordered arbitration and reserved jurisdiction over claims not subject to arbitration without determining which claims were and were not arbitrable. The majority remands for a determination of arbitrable claims, a function I believe properly left initially to the arbitrator. I would affirm the district court.
 
 
 
 [1]
 The contract contained an arbitration clause which specified that all claims and disputes relating to the contract were to be decided by arbitration
 
 
 [2]
 By its counterclaim, Dependable sought to assert the rights obtained in an agreement with Meridian, whereby it had been assigned all rights, titles, interest and claims in and to causes of action Meridian possessed against B & R
 
 
 [3]
 Under the Enelow-Ettelson rule the grant or refusal of an order staying proceedings in the district court is appealable under Sec. 1292(a)(1) if (A) the action in which the stay motion was made would have been an action at law before the fusion of law and equity; and (B) the stay was sought to permit the prior determination of an equitable defense or counterclaim. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935) and Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942)
 
 
 [4]
 The district court requested that both parties submit a proposed order staying the district court action pending arbitration of all arbitrable issues and directing arbitration of all issues arbitrable, including RICO. Both parties submitted proposed orders. The district court, however, rejected both orders
 
 
 [5]
 Associated Brick Mason Contr. v. Harrington, 820 F.2d 31, 35 (2d Cir.1987); Prudential Lines v. Exxon, 704 F.2d 59, 64 (2d Cir.1983) (Simply stated, a court should compel arbitration and permit the arbitrator to decide, in the first instance whether the dispute falls within the clause, if the clause is "broad." In contrast, if the clause is "narrow," arbitration should not be directed unless the court first determines that the dispute falls within the clause.). See also Sedco, Inc. v. Pemex, 767 F.2d 1140, 1145 (5th Cir.1985) (applying Convention on the Recognition and Enforcement of Foreign Arbitral Awards but citing Prudential Lines and discerning principles common to the Convention and the Federal Arbitration Act)