**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1423**

JOHN L. DEROSA,

        Plaintiff - Appellee,

    v.

J. P. WALSH & J. L. MARMO ENTERPRISES, INC., a Delaware
Corporation,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge. (1:10-cv-00287-CMH-TRJ)

Submitted:  August 16, 2013      Decided:  September 26, 2013

Before MOTZ, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. Pavelko, Daniel P. Mullarkey, NOVAK DRUCE CONNOLLY
BOVE & QUIGG, LLP, Washington, D.C., for Appellant.  William E.
Hassan, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant, J.P. Walsh & J.L. Marmo Enterprises, Inc. ("Marmo"), appeals the district court's order denying with prejudice its motion to lift stay and reinstate the case to the active docket. Finding no abuse of discretion, we affirm.

## I.

By agreement dated November 9, 1998, Appellee, John L. DeRosa ("DeRosa"), assigned the exclusive patent rights to his "DeRosa Chuck" invention to Marmo. In exchange, Marmo agreed to manufacturer and sell the invention and to pay DeRosa a certain percentage of the sales. In March 2010, apparently unsatisfied with Marmo's efforts to manufacture and sell his invention, DeRosa filed a complaint in Virginia state court alleging breach of contract and seeking rescission of the contract. The complaint alleged, in relevant part:

> [T]he failure by [Marmo] to abide by its contractual and financial obligations under the contract have denied [DeRosa] the bargained for benefit thereof, that is the steady flow of manufacturing business and the timely payment for the product by [Marmo] which may be remedied only by rescission or cancellation of the contract and the restoration of ownership of the patent rights in [DeRosa]'s intellectual property, his invention, the DeRosa Chuck.

2

Compl. ¶ 20.[1] On March 25, 2010, Marmo removed this action to the United States District Court for the Eastern District of Virginia.

Marmo filed its Answer on April 10, 2010, which included a counterclaim for patent infringement against DeRosa. DeRosa thereafter filed a motion to stay the case pending binding arbitration and to select an arbitrator. The parties had previously agreed that their dispute was subject to arbitration pursuant to paragraph five of the contract, but they could not agree on an arbitrator. Marmo opposed the motion to the extent that it believed its counterclaim for patent infringement should go forward in the district court. After a hearing, the district court granted DeRosa's motion and ordered "that this case is STAYED pending arbitration and is REMOVED from the active docket of the court." J.A. 142.

After several months of inaction by the parties, Marmo filed a motion to hold DeRosa in contempt for its failure to comply with the district court's order of arbitration. Marmo also "suggested that the Court fashion a remedy whereby [Marmo]'s counterclaim for patent infringement will be severed from [DeRosa]'s claim for arbitration and be permitted to move

---

[1] The Complaint is found at J.A. 16-20. Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

forward." J.A. 153. The district court denied Marmo's motion to hold DeRosa in contempt and instead appointed an arbitrator and directed counsel to "proceed forthwith with arbitration." Id. at 156.

After the district court's second order directing the parties to arbitrate, DeRosa prepared a "Short Form" Agreement to Arbitrate, specifying, "Mr. DeRosa seek[s] damages and rescission for breach of contract for assignment of a patent; [Marmo] counter sue[s] for patent infringement and injunctive relief." J.A. 247. Marmo responded with its own statement of arbitrable issues, indicating that patent infringement should not be included in arbitration and "will be pursued in the court by [Marmo] once the Arbitration is completed." Id. at 250. In response, DeRosa's counsel stated, "[w]ithout agreeing to the allegations or legal assertions made in [Marmo]'s statement of issues or waiving the right to make submissions pursuant to a schedule established by the arbitrator, [DeRosa] consent[s] to allowing [Marmo]'s attachment to the agreement to arbitrate." Id. at 253. The parties then submitted a proposed joint statement of arbitrable issues, which did not include references to patent infringement.

The parties proceeded to arbitration. The arbitrator found Marmo in breach of the assignment contract and awarded damages to DeRosa. However, the arbitrator declined to rescind

4

the contract. DeRosa subsequently filed a motion to confirm the arbitration award, which Marmo joined. In addition, Marmo filed a motion to lift stay and reinstate the case to the active docket, arguing that the issue of patent infringement was not submitted to the arbitrator and should therefore be decided by the court.

The district court denied Marmo's motion, concluding that patent infringement was "a matter that should have gone before the arbiter and should have been resolved by him." J.A. 291. The court reasoned that the parties "went to arbitration on anything involved in [the] contract or arising out of [the] contract" and that "[a]ny damages that come from the use of those patents arose out of [the] contract," including any damages for patent infringement. Id. at 290. Accordingly, on April 6, 2012, the district court denied with prejudice Marmo's motion to lift stay and reinstate the case to the active docket. Marmo appeals the denial of this motion.

II.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Therefore, we review the exercise of this power under an abuse of discretion standard. See Maryland v.

5

<u>Universal Elections, Inc.</u>, --- F.3d ----, 2013 WL 3871006, at *2 (4th Cir. 2013) (citing <u>United States v. Ga. Pac. Corp.</u>, 562 F.2d 294, 297 (4th Cir. 1977)).[2]

### III.

Marmo contends the district court erred by refusing to lift the stay because patent infringement was not an issue that was subject to arbitration. However, Marmo has not appealed either of the district court's orders compelling arbitration between the parties. Marmo cannot now take issue with the scope of arbitration by appealing the district court's refusal to lift the stay.

A district court "may compel arbitration of a particular dispute only when the parties have agreed to arbitrate their disputes and the scope of the parties' agreement permits resolution of the dispute at issue." <u>Muriithi v. Shuttle Express, Inc.</u>, 712 F.3d 173, 179 (4th Cir. 2013). When a court anticipates that some of the claims in the litigation

---

[2] Marmo urges us to review the district court's denial of the motion to lift stay under a de novo standard. However, the cases Marmo cites in support of its position are inapposite. Additionally, while it is true that the "determination of the arbitrability of a dispute is subject to de novo review," <u>Kansas Gas & Elec. Co. v. Westinghouse Elec. Corp.</u>, 861 F.2d 420, 422 (4th Cir. 1988), Marmo does not appeal either of the district court's orders directing the parties to arbitrate. Instead, Marmo appeals only the district court's denial of the motion to lift stay. Therefore, we find it appropriate to review the district court's action for abuse of discretion.

might not be arbitratable, "the court must sever and compel arbitration of all arbitratable claims and reserve jurisdiction of any non-arbitratable claims." B & R Assocs. v. Dependable Ins. Co., 835 F.2d 526, 528 (4th Cir. 1987).

Here, the district court twice rejected Marmo's contention that patent infringement was not subject to arbitration, thereby defining the scope of arbitration as including patent infringement. First, the district court considered and rejected Marmo's argument that its counterclaim for patent infringement should proceed when it stayed all claims in the case pending resolution of the binding arbitration. Second, by denying Marmo's motion to hold DeRosa in contempt, the district court did not adopt Marmo's "suggest[ion] that the Court fashion a remedy whereby [Marmo]'s counterclaim for patent infringement will be severed from [DeRosa]'s claim for arbitration and be permitted to move forward." J.A. 153.

By rejecting Marmo's attempts to exclude from arbitration its patent infringement claim, the district court thus defined the scope of arbitration—namely, all claims in the case, including Marmo's counterclaim for patent infringement—and it declined to reserve jurisdiction over any non-arbitratable claims. To the extent Marmo now takes issue with the scope of arbitration, it should have sought review of the arbitration orders themselves. Because Marmo failed to do so, we cannot

7

reach the issue of whether Marmo's counterclaim for patent infringement was outside the scope of the contract's arbitration clause.

Marmo's counterclaim for patent infringement was one that, under the district court's orders compelling arbitration, Marmo should have pursued at arbitration. Therefore, the district court did not abuse its discretion by denying Marmo's motion to lift stay and reinstate the case to the active docket after having already concluded that patent infringement was a matter that should have been presented at arbitration.

Accordingly, we affirm the district court's order denying with prejudice Marmo's motion to lift stay and reinstate the case to the active docket. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED