Robert WHITESIDE, Grady Allen Brad-
ley, Glenna Swinford, Franklin Tor-
rence, and David Crisco, Plaintiffs,

v.

UAW LOCAL 3520, Defendant.

No. 1:08CV327.

United States District Court,
M.D. North Carolina.

Sept. 5, 2008.

Ellis Boal, Charlevoix, MI, M. Travis Payne, Edelstein and Payne, Raleigh, NC, for Plaintiffs.

Seth R. Cohen, Smith James Rowlett & Cohen, Greensboro, NC, for Defendant.

## ORDER

BEATY, Chief Judge.

This matter is before the Court on a Motion to Stay [Document # 23] filed by Defendant UAW Local 3520 ("Defendant" or "Local Union 3520"), seeking to stay consideration of a Motion for Preliminary Injunction [Document # 4] filed by Plaintiffs Robert Whiteside, Grady Allen Bradley, Glenna Swinford, Franklin Torrence, and David Crisco ("Plaintiffs"), who are all former employees of the Freightliner facility in Cleveland, North Carolina. Plaintiffs' underlying suit challenges a decision

by their local union, Local Union 3520, that their union memberships had lapsed for nonpayment of dues and failure to certify their intent to remain union members after they were terminated as employees of Freightliner. In their Motion for Preliminary Injunction, Plaintiffs seek reinstatement to the union during the pendency of this suit. This Court previously stayed consideration in this case pursuant to 29 U.S.C. § 411(a)(4) so that the case could first be considered on an internal appeal to the UAW International Executive Board, pursuant to the appeal procedures established in the UAW Constitution. The International Executive Board subsequently ruled against Plaintiffs, concluding that Local Union 3520 properly determined that Plaintiffs' union memberships had lapsed for nonpayment of dues and failure to certify their intent to remain members. Plaintiffs have internally appealed that determination. That internal appeal is ongoing at this time.

In addition to the ongoing internal union appeal, Plaintiffs are also currently in the process of arbitrating their separate grievances against Freightliner, in which Plaintiffs seek reinstatement to their prior employment positions. In this regard, the Court notes that Plaintiffs were terminated from their employment with Freightliner on April 3, 2007 on the grounds that they had instigated, supported, or participated in an unauthorized work stoppage in violation of Article 17 of the Collective Bargaining Agreement ("CBA"). Local Union 3520 filed grievances against Freightliner on behalf of Plaintiffs, challenging that employment decision. After Plaintiffs were terminated from their employment with Freightliner, they continued to participate in Local Union 3520 while their grievances were pending. However, they were subsequently notified in February 2008 that their memberships in Local Union 3520 had lapsed for failure to pay dues and failure to certify their intent to

remain members while the grievances against Freightliner were proceeding. The arbitrations of the grievances with Freightliner were subsequently held on June 16–18, 2008 (the "Freightliner arbitration"), and a decision is expected in those arbitrations within the next sixty (60) days.

The present suit does not directly involve the grievances against Freightliner or Plaintiffs' termination of employment from Freightliner. Instead, this suit is a challenge only to the lapse of Plaintiffs' memberships in Local Union 3520 for nonpayment of dues and failure to certify their intent to remain members. However, Defendant contends that the results of the Freightliner arbitration could render moot many of the claims asserted in this case. Specifically, Defendant notes that if Plaintiffs' termination from Freightliner is upheld in arbitration, Plaintiffs would no longer be eligible to be members of Local Union 3520 in any event, because the Local Union 3520 By–Laws restrict membership in the union to "workers of Freightliner corporation." Thus, Defendant notes that even if Plaintiffs' Motion for Preliminary Injunction were granted and this Court reinstated Plaintiffs as members of the Local Union 3520, their union memberships would nevertheless terminate shortly thereafter if the arbitrator upholds their termination from Freightliner. Defendant further notes that the claims would likewise be moot if the opposite decision is rendered in the Freightliner arbitration. That is, if the arbitrator overturns Plaintiffs' termination from Freightliner and Plaintiffs are reinstated to their prior employment positions, Plaintiffs would be "workers of Freightliner corporation" and would automatically be reinstated as members of the Local Union. In that case, Defendant notes that no preliminary relief would be needed in this case, and the only remaining issue in this case for determina-

tion by this Court would be whether Plaintiffs' reinstatements should be made retroactive to the date their memberships are alleged to have lapsed.

In response, Plaintiffs contend that even if their termination from Freightliner is upheld in arbitration and they are no longer "workers of Freightliner corporation," they should still be entitled to remain as members of Local Union 3520. In support of this contention, Plaintiffs note that the UAW Constitution is silent on this issue and would not automatically require that their memberships in the Local Union 3520 be terminated once they are no longer Freightliner employees. However, Defendant contends that even if the UAW's Constitution is silent on this point, the Local Union 3520's Bylaws would require that Plaintiffs' memberships be terminated if Plaintiffs are no longer employees of Freightliner. Plaintiffs do not contest this interpretation of the Bylaws. Instead, Plaintiffs contend only that the UAW Constitution prevails over any conflicting Bylaws, but Plaintiffs do not explain how the Bylaws conflict with the Constitution, which is otherwise silent on this issue. Plaintiffs also contend that they are experiencing immediate and irreparable harm in not being able to participate in union meetings. Therefore, Plaintiffs contend that the Court should grant the request for preliminary relief and reinstate them as union members regardless of whether their termination from Freightliner is· ultimately upheld.

■ "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 166,

81 L.Ed. 153 (1936). "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Georgia Pacific Corp.*, 562 F.2d 294, 296 (4th Cir.1977).

■ Having considered the Motion to Stay and the contentions raised by the parties in the present case, the Court finds that the issues involved in this case and in the request for preliminary relief will change dramatically based on the results of the Freightliner arbitration. Specifically, if Freightliner's termination of Plaintiffs is upheld in arbitration, it appears that Plaintiffs would not, in any event, be entitled to reinstatement as union members because they would no longer be employees of Freightliner. It is anticipated that the arbitration decision will be rendered within the next sixty (60) days. Thus, any preliminary remedy this Court might impose could immediately be changed by the results of the arbitration decision. Therefore, a limited stay of this matter is appropriate to avoid any interference in the Freightliner arbitration and to ensure that any determination by this Court is made at the appropriate time with all of the relevant information. The Court notes that a limited stay in this regard will allow for the most expeditious and comprehensive disposition of the issues raised in this case, particularly since the decision in the Freightliner arbitration is expected within the next few weeks. Therefore, the Court concludes that this case should be stayed while the Freightliner arbitration is pending, up to a period of ninety (90) days.

■ Plaintiffs nevertheless contend that allowing the Motion to Stay operates as a denial of their Motion for Preliminary Injunction. Therefore, the Court will, for

the sake of completeness, consider the issues raised in the Motion for a Preliminary Injunction in the context of the limited stay allowed above. In this regard, the Court notes that a preliminary injunction is "an extraordinary remedy ... which is to be applied only in [the] limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 811 (4th Cir.1991) (alteration in original) (internal quotations omitted). "The decision of the district court to grant or deny interlocutory injunctive relief should be based upon a 'flexible interplay' among all the factors to be considered, i.e., likelihood of irreparable harm to the plaintiff without an injunction; likelihood of harm to the defendant with an injunction; plaintiff's likelihood of success on the merits; and the public interest The first step in determining whether interlocutory injunctive relief should issue is for the court to balance the likelihood of irreparable harm to the plaintiff without an injunction against the likelihood of harm to the defendant with an injunction. If a decided imbalance of hardship should appear in plaintiff's favor, it is enough that grave or serious questions are presented; plaintiff need not show a likelihood of success on the merits. The need for plaintiff to show likelihood of success on the merits increases as the probability of irreparable injury to plaintiff without an injunction decreases. Finally, the court should consider wherein lies the public interest, sometimes described as preserving the Status quo ante litem until the merits of a serious controversy can be fully considered by a trial court." *Maryland Undercoating Co. v. Payne*, 603 F.2d 477, 481 (4th Cir. 1979) (citing *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195–97 (4th Cir.1977)).

In the present case, Plaintiffs contend that they are suffering immediate harm because they cannot participate in union activities. However, as discussed above, Plaintiffs' current status and eligibility for union membership are in a state of flux, in light of their termination from Freightliner. If this Court reinstated Plaintiffs to Local Union 3520 at this time, they would displace the current officers and committee members, only to potentially be removed again a few weeks later after the Freightliner arbitration decision is rendered, requiring another change in officers and committee members. The multiple changes of officers required if Plaintiffs were reinstated to their prior offices and then removed again after the Freightliner arbitration determination would result in instability and distraction in Local Union 3520, would necessarily require the removal of other individuals who have been serving as officers or on committees, and would interfere with Local Union 3520's ability to conduct its business. Therefore, in weighing the harm to Plaintiffs in not being able to participate in Local Union 3520 for a limited period of less than ninety (90) days pending the Freightliner arbitration decision, compared with the harm and instability to Defendant in requiring reinstatement to Plaintiffs that could prove temporary or unnecessary, the Court concludes that the harm to Plaintiffs over the limited time period at issue does not "tip decidedly" in Plaintiffs' favor.

■■■ Moreover, Plaintiffs base their request for preliminary relief on what they contend is a high likelihood of success on the merits. However, the Court notes that Plaintiffs' claims have been raised through multiple internal appeals, but the UAW International Executive Board has nevertheless rejected Plaintiffs' contentions. In addition, Plaintiffs' claims are based on their contention that the reasons given for the lapse of their memberships in Local Union 3520 were a "ruse," and that the president of Local Union 3520 acted with malice and bad faith, which Local Union

3520 denies. In these circumstances, and having reviewed the arguments and evidence presented, the Court concludes that Plaintiffs' contentions with respect to their likelihood of success raise numerous factual disputes that could only be resolved at an extended evidentiary hearing. Such a hearing would mirror the ultimate determination to be made in this case. In addition, as discussed above, such a hearing would be premature, since Plaintiffs' membership status will ultimately be resolved within a limited time period as a result of the Freightliner arbitration. Therefore, the Court concludes that Plaintiffs have failed to establish a likelihood of success on the merits absent an extended hearing and fact-finding, but such a hearing is appropriately held after the Freightliner arbitration is concluded and all of the issues can properly be presented. In addition, to the extent there is a public interest in preserving the status quo, the Court notes that at the present time Plaintiffs have not been participating as union members for over six months, since February 2008, and it would disturb the status quo to reinstate them at this time under the circumstances of this case. Therefore, having considered the harm to Plaintiffs of not granting immediate preliminary relief prior to the Freightliner arbitration decision, the harms to Defendant of granting immediate preliminary relief prior to the Freightliner arbitration decision, the need for a hearing and extended fact-finding to determine the likelihood of success, and the public interest at this time, the Court concludes that Plaintiffs have failed to establish the appropriateness or need for preliminary injunctive relief within the next ninety (90) days prior to the determination in the Freightliner arbitration.

As a result, the Court concludes that in these circumstances, the Motion to Stay should be allowed and the Motion for Preliminary Injunction should be denied at this time, without prejudice to Plaintiffs refiling their request for preliminary relief after a decision in the Freightliner arbitration has been rendered, or ninety (90) days from the date of this Order, whichever is sooner.

IT IS THEREFORE ORDERED that the Motion to Stay [Document # 23] is GRANTED, and this case will be stayed while the Freightliner arbitration is pending, up to a period of ninety (90) days.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction [Document # 4] is DENIED AT THIS TIME, and Plaintiffs may refile their request for preliminary relief after a decision in the Freightliner arbitration has been rendered, or ninety (90) days from the date of this Order, whichever is sooner.